THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD B. JONES, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: Defendant argued on his motion to dismiss the indictment that he was denied his right to testify before the Grand Jury in violation of CPL 190.50. He asserted that he was advised on or about January 21, 1992 that the case would be presented to the Grand Jury on January 23rd and that he refused to testify on that date because his wife was unable to procure a ride to the jail to take him other clothes and he felt that it would be prejudicial to testify in jail clothing. We agree with the People that the court erred in dismissing the indictment against defendant based on CPL 210.35 (4) and (5). The court's explicit finding that the People handled the case correctly negates any finding that there was a violation of CPL 190.50, the stated basis for defendant's motion. The court therefore erred in relying on CPL 210.35 (4) as a basis for its decision. CPL 210.35 (5), the

other subdivision relied on by the court, was not argued by defendant, and the People therefore had no opportunity to address it. Although the court found that the integrity of the presentment was affected by "the brevity of the notice" and the "change of attorneys with very little time for Grand Jury presentation", there is no showing that the notice was untimely. The record further shows that defendant did not change attorneys until January 24th, the day after the Grand Jury presentment. Thus, the court also erred in dismissing the indictment based on CPL 210.35 (5) *(see generally, People v Williams,* 73 NY2d 84, 90-91). (Appeal from Order of Onondaga County Court, Cunningham, J.—Dismiss Indictment.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.