■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERMAINE CORREA, Respondent. [602 NYS2d 839] —Order, Supreme Court, Bronx County (John N. Byrne, J.), entered on or about October 22, 1991, which granted defendant's motion to dismiss the indictment, with leave to re-present, on the ground that the People failed to afford defendant an opportunity to testify before the Grand Jury, unanimously reversed, on the law, the motion denied and the indictment reinstated. This matter is remitted to Supreme Court for further proceedings pursuant to CPL 470.45.

On August 1, 1991, defendant was arraigned on charges of criminal possession of a weapon in the third and fourth degrees. At that time, the People served a document entitled "Notice of Grand Jury Appearance Pursuant to CPL Section 190.50", advising defendant of his statutory right to testify before the Grand Jury by serving written notice. The document further provided that, "upon receipt of such notice, the defendant will be permitted to testify at 10:00 am on August 22, 1991." Defendant's counsel stated, on the record, that defendant would testify before the Grand Jury. The court then released defendant on his own recognizance, at counsel's request, and adjourned the matter to August 22.

For reasons not clear from the record, defendant did not

appear before the Grand Jury on the adjourned date. An attorney who appeared in place of counsel, however, stated to the court that defendant would testify before the Grand Jury that day. The following day (August 23), the District Attorney's office notified counsel, by telephone, that the case had been "fully presented", that the Grand Jury panel would be dissolved on August 30 and that, to be heard, defendant would be required to appear on or before that date.

On August 27, defense counsel for the first time gave *written* notice of his client's desire to testify. The next day, the District Attorney's office personally informed defense counsel that the Grand Jury panel was sitting only until Friday, August 30, and that defendant would have to appear and testify by that time. However, counsel was unable to reach his client, and the Grand Jury voted a true bill on August 30. The indictment was filed September 13, 1991.

In his motion to dismiss the indictment, defendant argued that the People, in response to defendant's written notice pursuant to CPL 190.50 (5) (a), did not effectively inform him or his counsel of a specific date and time to testify before the Grand Jury; that the People were in possession of defendant's home address for purposes of the service of written notice pursuant to CPL 190.50 (5) (b); and that oral notice, given a mere 1½ days before the last date on which to testify, was insufficient. The People responded that they had given both oral and written notice on August 1 of the Grand Jury meeting to be held on August 22, noting that defendant had ample time, up until August 30, in which to exercise his right to testify. Supreme Court granted defendant's motion, with leave to the People to re-present, without opinion.

It is incontrovertible that the People discharged their obligation pursuant to CPL 190.50 (5) (a) to inform defendant of his right to testify before the Grand Jury by serving notice to that effect at arraignment. While defendant was clearly entitled to exercise his right to testify *at any time* prior to the filing of the indictment *(People v Evans,* 79 NY2d 407), neither defendant nor his attorney raised any objection to the date proposed by the People before the court on August 1. Moreover, on the scheduled date, an attorney appearing on defendant's behalf represented to the court that defendant would appear before the Grand Jury that same day. Thus, to entertain defendant's procedural objections, this Court would be required to disregard two affirmative representations made on the record by defense counsel. No basis has been established on this appeal why the acquiescence by defendant, in open

court and with the assistance of able counsel, in the procedure proposed by the People should not be binding upon him. We therefore conclude, as we recently did in *People v Patterson* (189 AD2d 733, *lv denied* 81 NY2d 975), that "the parties 'agreed to depart from the statutorily prescribed procedure and chose to chart their own course' " (quoting *Matter of Brockway v Monroe*, 59 NY2d 179, 188). Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.