OPINION OF THE COURT
Ariel E. Belen, J.
Defendant has been indicted on one count of attempted criminal possession of stolen property in the fifth degree and one count of attempted criminal possession of stolen property in the fourth degree, based upon allegations that the defendant *542 agreed to buy jewelry from an undercover police officer, knowing the jewelry to be stolen.
Defendant was arraigned on the indictment on September 6, 1996. Prior to that he was arraigned in Criminal Court on March 29, 1996 and the People served a CPL 190.50 notice on the defendant. Defendant’s attorney served a cross Grand Jury notice on the People at the time of his Criminal Court arraignment. At no time was the defendant’s notice withdrawn.
The case was then adjourned to AP 1, an all purpose part in the Criminal Court for Grand Jury action. After two appearances and no Grand Jury action in this AP 1, the case was dismissed without prejudice to the People on May 8, 1996.
The only notice that was apparently given to the defendant that his case was being presented was sent a mere six days prior to the anticipated Grand Jury presentation. On August 9, 1996, three months after the case was dismissed, notice was mailed to the defendant to appear to testify before a Grand Jury six days later on August 15, 1996. This does not appear to be notice calculated to give a defendant who wishes to testify sufficient time to appear to testify. Defendant asserts without contradiction that he did not receive this notice until the day before the Grand Jury was scheduled to hear his case.
As noted in CPLR 2103 (b) (2), "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period”. According to the practice commentary to CPLR 2103 (b) (2), this was a 1982 modification of the earlier rule that provided three days for mail service in recognition of the fact that "one can no longer assume that first-class mail will be delivered within three days.” (McLaughlin, 1982 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2103:2, 1997 Pocket Part, at 288.) While this rule is in no way binding in a criminal action, it provides a rational analogous basis for finding that insufficient notice was provided to defendant in this matter. A mailing six days prior to an appearance date presumptively would only give one day’s notice for that appearance.
The People have not demonstrated that they made any other efforts to notify the defendant or his attorney who was on vacation when the notice was sent. Indeed, the Assistant District Attorney who presented this case called defense counsel on the presentation date and must have been alerted by a taped message on an answering machine that defense counsel would be away on vacation until August 17, 1996. Notwithstanding this *543 information, the Assistant District Attorney decided to proceed with his Grand Jury presentation without the defendant.
The People should have taken into account the probability that vacation schedules in mid-August may require rescheduling of appearances. Here a mere one attempt at notice less than a week before the scheduled appearance and three months after the case was dismissed could not conceivably be deemed to be adequate notice. The People have offered no excuse for their failure to give more advance notice during the three months the case was marked off the calendar.
When a defendant advises the District Attorney that he desires to testify he must be afforded "a reasonable time” to exercise that right. (CPL 190.50 [5] [a].) If he is not provided a reasonable opportunity to testify, the indictment must be dismissed. (CPL 190.50 [5] [c]; 210.20 [1] [c]; 210.35 [4].)
One day’s notice is not reasonable notice to a defendant who must contact counsel and presumably meet before waiving immunity and testifying before a Grand Jury that may indict him on felony charges. In this case, the People did not allow for any leeway to counsel or defendant to arrange to appear to testify. Consequently the indictment must be dismissed. (See, e.g., People v Young, 137 Misc 2d 400 [Sup Ct, Nassau County 1987]; People v Bizzell, 144 Misc 2d 1000 [Sup Ct, Queens County 1989].)
Defendant’s motion to dismiss the indictment is granted on condition that, should the People exercise their right now granted them to resubmit the case to a new Grand Jury, defendant properly waives immunity and testifies before that body. In the event that defendant does not so waive and testify, the instant indictment shall be deemed reinstated.