OPINION OF THE COURT
Frank J. LaBuda, J.
The defendant timely moves for a dismissal of the indictment on the ground that the Grand Jury proceeding was defective pursuant to CPL 190.50 (5) in that he was denied the right to testify before the Grand Jury with the effective assistance of counsel.
On February 6, 1998 the defendant, Reginald Trammel, while an inmate at the Sullivan Correctional Facility,[1] allegedly threw urine on a New York State Correction Officer. (The defendant, who was never arrested nor charged with a crime, was subsequently indicted by a Grand Jury on September 9, 1998 for aggravated harassment in violation of Penal Law § 240.32, a class E felony.)
On February 13, 1998 the District Attorney’s office was served by a written pro se notice that the defendant wished to exercise his right to appear before said Grand Jury pursuant to CPL 190.50 (5). There is no dispute that the District Attorney’s office received the defendant’s notice in February.
On August 25, 1998 a Grand Jury notice, order to produce and order appointing counsel was served upon the defendant at the Southport Correctional Facility.
On September 9, 1998 at approximately 9:00 a.m., pursuant to the order, the defendant was produced by the New York State Department of Correctional Services at the Sullivan County courthouse. Thereafter, at approximately 9:15 a.m., the County Court appointed County Law article 18-B counsel[2] to represent Mr. Trammel. In the course of that morning, the defendant and his assigned counsel conferred and discussed,[3] inter alia, whether or not the defendant should testify before the Grand Jury. Counsel then requested that a proceeding be held on the record. The proceeding was held shortly thereafter, wherein the defendant in the presence of his counsel, advised the court that counsel could not fully advise him on whether or *755 not it would be in his best interest to testify because they didn’t have enough time to go over certain matters.[4] Defendant’s counsel also advised the court, at that time, that the defendant had a “thick file,” that he had not reviewed that file and that he wasn’t fully familiar with the case.[5] At this proceeding, the District Attorney’s office represented that the People were going to proceed with the Grand Jury presentation that day. It is conceded that no time issues or waiver of time was a factor in the decision as to whether or not the defendant could be given an adjournment to confer with counsel.
Pursuant to the defendant’s notice of motion to dismiss the indictment, a fact-finding hearing was held before the County Court wherein the defendant and his counsel testified. At this hearing, defendant’s counsel confirmed what had been stated at the September 9, 1998 proceeding, that he would not be available for a continued assignment in the matter if it went to trial.[6]
The People, in support of the sufficiency of the Grand Jury proceeding, rely upon People v Phillips (66 AD2d 696 [1st Dept 1978]), wherein the Appellate Division, First Department, noted that the defendant did not take advantage of the opportunity provided him in the Supreme Court to testify before the Grand Jury. In the present case it cannot be said that the defendant was afforded the physical opportunity to testify before the Grand Jury. However, the issue here is defining what that opportunity must be.
In the present case it cannot be fairly said that defendant was afforded an opportunity to testify before the Grand Jury. CPL 190.50 (5) provides, in its pertinent part, as follows:
“(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf * * *
“(b) * * * Upon appearing * * * and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving such evidence, he is subject to examination by the people.” (Emphasis supplied.) *756 The defendant’s right to testify before the Grand Jury is an absolute right. That right cannot be abridged by giving the defendant the opportunity to testify, but compromising his right to effective assistance of counsel before waiving immunity and being subject to cross-examination by the People at that proceeding.
The defendant clearly indicated, both by his written pro se notice and by his representations at the County Court proceeding, that he wanted counsel. The circumstances of assigning counsel in the courthouse while the defendant was expected to testify momentarily cannot be consistent with the defendant’s right to counsel under CPL article 190.
Unlike Phillips (supra), the issue before the court is not whether or not the defendant was given the opportunity to appear before a Grand Jury, but rather whether or not the defendant, in exercising his right to appear before the Grand Jury with counsel, has the right to a reasonable opportunity to confer with counsel prior to testifying before the Grand Jury.
The legal significance for a defendant testifying before a Grand Jury is enormous. Not only must the defendant waive immunity, but his Grand Jury testimony could be used by the People in their case-in-chief even without the defendant testifying at trial. The defendant is also subject to cross-examination by the prosecutor without the benefit of a presiding Judge. Furthermore, the defendant’s counsel clearly advised the court that he did not have sufficient opportunity that morning to review the defendant’s case file and adequately advise the defendant as to whether or not he should testify before the Grand Jury.[7]
The argument by the prosecution that the assigned counsel, who admittedly is an experienced criminal defense lawyer, needed very little or no time in which to properly advise the defendant since the defendant would only be allowed to testify concerning what he did or did not do at the time of the alleged urine toss, is without merit since it belies the effective assistance of counsel, a fundamental right. The defendant’s statutory right to testify before the Grand Jury cannot be diminished or limited by the logistical problems in producing a State’s prisoner at the Grand Jury proceeding. CPL 190.50 (5) (b) and its pertinent part states that upon testifying, a witness before *757 the Grand Jury may give any relevant and competent evidence concerning the case under consideration. In the case at bar, clearly the defendant had a “thick file” which counsel needed to review or at least discuss with the defendant in a meaningful way before a decision could be made as to whether or not the defendant ought to waive immunity and testify before the Grand Jury. Clearly, a defendant testifying before a Grand Jury under waiver of immunity is afforded the opportunity to testify in the narrative form regarding an alleged incident under investigation.
Under these circumstances, not allowing the defendant and his counsel a reasonable amount of time to review the charges and case before deciding whether or not to testify effectively abridges the defendant’s absolute right to testify (see, People v Green, 80 AD2d 650 [3d Dept 1981]). Accordingly, this court finds that, under the circumstances that then and there existed on September 9, 1998, the defendant’s statutory right to testify before the Grand Jury was effectively denied and the indictment is dismissed with leave to the People to re-present the matter to the Grand Jury.

. Sullivan Correctional Facility is a maximum security facility operated by the New York State Department of Correctional Services in Woodboume, New York.

. John Ferrara, Esq., of Monticello, New York.

. Although not stated, it appears that the defendant and his attorney had the courthouse hallways or waiting room to confer in.

. County Court proceeding transcript, Sept. 9, 1998, at 3.

. County Court proceeding transcript, Sept. 9, 1998, at 10.

. County Court proceeding transcript, Sept. 9, 1998, at 13.

. At the hearing on the motion, Mr. Ferrara testified that over the course of the morning he had only minutes and not hours to confer with Mr. Trammel.