■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BORGIA, Appellant. [692 NYS2d 780] —Crew III, J. Appeal from a judgment of the County Court of Sullivan County (Sheridan, J.), rendered May 15, 1996, upon a verdict convicting defendant of the crimes of burglary in the third degree, criminal mischief in the fourth degree and attempted petit larceny.

On August 16, 1995, Sullivan County Sheriff's Deputy Donald Starner, while on routine patrol, observed a cut screen and opened window at Lapidus Market located on State Route 55 in the Town of Bethel, Sullivan County. Upon closer inspection, Starner observed an individual inside the market. Starner exited his patrol vehicle and, as he approached the front of the market, observed an individual, whom he described at trial as a very thin white male with a ponytail wearing a tank top and jeans, coming out of the front door of the market. At that point the individual, apparently seeing Starner, fled. Before Starner could react, he observed another individual exiting the market, whom he arrested. Starner then radioed for assistance, and a few minutes later State Trooper Kevin Rieman arrived at the scene. After Starner gave Rieman a description of the subject who had fled, Trooper David Rivera arrived with a K-9 dog. Starner gave Rivera a description of the fleeing subject and Rivera began to track with the dog. Shortly thereafter, Rivera apprehended defendant, who fit Starner's description, approximately 200 yards from the market.

Defendant was indicted and charged with the crimes of burglary in the third degree, criminal mischief in the fourth degree and attempted petit larceny. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to, *inter alia*, an indeterminate term of imprisonment of 2½ to 5 years. On this appeal defendant contends, among other things, that County Court committed reversible error when it permitted Rivera and Rieman to testify as to the descriptions of the perpetrator given to them by Starner at the scene of the burglary. We agree.

It is now axiomatic that the fortification of a witness's testimony and credibility through the use of a prior consistent statement, commonly known as "bolstering", is inadmissible hearsay, except to rebut a claim of recent fabrication (*see, e.g.*, *People v Buie*, 86 NY2d 501, 510). The basis for the rule was made plain in *People v Katz* (209 NY 311), where it was observed that "it is obviously a mistake to suppose that an

untrustworthy story can be made trustworthy by proving numerous repetitions of it; and equally illogical does it appear to be to attempt to support a credible witness and [reliable testimony] by any such broken reed" (*id.*, at 342).

Inasmuch as the description given by Starner at trial was not attacked as a recent fabrication, the proof that he previously had rendered the same description to Rivera and Rieman constituted impermissible bolstering "of no probative value, and yet strongly calculated to influence a jury of laymen not versed in the rules of evidence" (*People v Jung Hing*, 212 NY 393, 401). Nor can we consider County Court's ruling as harmless, inasmuch as, without any positive identification, proof of defendant's guilt was entirely circumstantial.* Given our determination in this regard, we need not consider defendant's remaining contentions.

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial.

---

* Defendant sought and obtained an order precluding Starner from making an in-court identification of defendant.