■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAZZ SAWYER, Appellant. [711 NYS2d 45] —Mercure, J. Appeals (1) from a judgment of the County Court of Tompkins County (Barrett, J.), rendered October 1, 1997, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of a weapon in the third degree and assault in the second degree, and (2) by permission, from an order of said court, entered June 4, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the early morning hours of May 3, 1997, in the City of Ithaca, Tompkins County, defendant stabbed Richard King to death by plunging a steak knife into his chest, perforating his aorta. The incident took place at the apartment of defendant's half-sister, Anita Nelson, who was King's paramour. Police officers questioned defendant at the scene and then took him to the police station where he was interviewed on videotape for approximately three hours. During the course of the questioning, defendant acknowledged his involvement in the incident but indicated that King had been attempting to break into the apartment and that the stabbing was committed in self-defense, a scenario that proved to be very much at odds with that related by Nelson.

In the afternoon hours of May 3, 1997, defendant appeared in a local criminal court and was arraigned on a felony complaint charging him with murder in the second degree. Annexed to the complaint was a three-page typewritten statement signed by Nelson and notices of the People's intention to use admissions by defendant, including his videotaped interview, at trial. Arrangements were made to have counsel assigned, and defendant was interviewed by his counsel at the County Jail on Sunday, May 4, 1997. At 9:00 A.M. the following day, the District Attorney advised defendant's counsel of his intention to present the matter to a Grand Jury on May 6, 1997 at 1:30 P.M. and that, if defendant desired to testify, arrangements would be made to have him produced. Defendant was arraigned on the felony complaint with counsel shortly thereafter. At that time, defendant's counsel served a notice demanding that he be provided with a copy of the videotape of

defendant's statement to the police, all telephonic and police transmission recordings from May 2, 1997 at 6:00 P.M. until May 4, 1997 at 6:00 P.M., all appropriate toxicology screens obtained in the course of the autopsy of King's body and anything constitutionally required to be produced.

In a letter also delivered on May 5, 1997, defendant's counsel advised the District Attorney that a refusal to provide the demanded materials, particularly defendant's own prior written, oral and videotaped statements, would deny defendant his right to effective assistance of counsel, due process, his *Rosario* rights and his right to a fair presentment to the Grand Jury. The letter further indicated that the scheduling of the Grand Jury presentment denied defendant the right to consult with counsel, due process and an adequate opportunity to identify additional witnesses who might be in a position to provide a full and fair account of the events of May 3, 1997. Finally, the letter advised, "it appears as though the defendant has had almost no sleep for the past 72 hours, and your rush to the Grand Jury may force him to testify with practically no sleep for approximately 100 hours." Nonetheless, defendant's counsel gave notice of defendant's intention to testify before the Grand Jury. The District Attorney responded with another letter delivered the same day, stating that the requested discovery would not be provided because there was no right to discovery at that stage of the proceedings. That evening, defendant's counsel examined the crime scene and then consulted with defendant. The following day, May 6, 1997, defendant's counsel delivered a further letter to the District Attorney advising that defendant would not be testifying before the Grand Jury and essentially reiterating the concerns expressed in his May 5, 1997 letter.

Following the People's presentment, the Grand Jury indicted defendant for murder in the second degree based upon intentional conduct (count one) and depraved indifference to human life (count two), assault in the second degree and criminal possession of a weapon in the third degree. Defendant moved to dismiss the indictment pursuant to CPL 190.50 (5) (a) upon the ground that he was not given a reasonable time to exercise his right to appear as a witness before the Grand Jury. County Court denied the motion and the matter proceeded to trial. The jury convicted defendant of depraved indifference murder, assault in the second degree and criminal possession of a weapon in the third degree. Defendant unsuccessfully moved to set aside the verdict pursuant to CPL article 330 and was then sentenced to concurrent prison terms

aggregating 20 years to life. He subsequently moved pursuant to CPL article 440 to vacate the judgment of conviction. He now appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.

We affirm. Initially, we are not persuaded that the notice provided by the People deprived defendant of a reasonable opportunity to testify before the Grand Jury. To the contrary, we conclude that the People satisfied their obligation of providing notice that was reasonably calculated to apprise defendant of the Grand Jury proceeding and permit him to exercise his right to testify (*see, People v Wise*, 236 AD2d 739, 740-741, *lv denied* 89 NY2d 1103; *People v Jordan*, 153 AD2d 263, 266-267, *lv denied* 75 NY2d 967). Pursuant to CPL 190.50 (5) (a), the People are required to notify a defendant of a pending Grand Jury proceeding where, as here, the defendant has been arraigned upon an undisposed felony complaint. The statute sets forth no time limitation for giving such notice, but merely provides that defendants must be accorded a "reasonable time" to exercise their right to appear as a witness before the Grand Jury (*see*, CPL 190.50 [5] [a]). Notably, as employed in CPL 190.50 (5) (a) " '[t]he concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case' " (*People v Jordan, supra*, at 267, quoting *People v Taylor*, 142 Misc 2d 349, 351).

Here, it is undisputed that defendant's counsel received notice from the District Attorney approximately 1½ business days before the scheduled Grand Jury presentment. In his motion to dismiss the indictment, defendant gave no indication as to how this time period was unreasonable but merely averred that he wanted to testify before the Grand Jury but was too tired to do so. His counsel's affidavit reiterated defendant's pleas of tiredness and discomfort and contended that it was unfair to have defendant testify before the Grand Jury without first having an opportunity to review his three-hour videotaped statement. Patently, defense counsel's focus during this 1½-day period was not the timing of the presentment but, rather, his repeated attempts to discover specified items of evidence that he had no right to receive at that point in the proceedings (*see, Matter of Brown v Appelman*, 241 AD2d 279, 283-284; *Matter of Hynes v Cirigliano*, 180 AD2d 659, *lv denied* 79 NY2d 757). Thus, in contrast to the arguments now advanced, defendant's position in County Court was not that he had insufficient time to prepare his Grand Jury testimony but that he should have been provided the requested discovery materials prior to testifying.

Concededly, a defendant's right to counsel and his or her right to appear before the Grand Jury are inextricably linked (*see, e.g., People v Eiffel*, 139 Misc 2d 340, 342). Unlike the cases relied upon by defendant, however, in which the defendants were deprived of an opportunity to adequately confer with counsel and make an informed decision as to whether to appear before the Grand Jury (*see, e.g., People v Degnan*, 246 AD2d 819; *People v Trammel*, 178 Misc 2d 753; *People v Randazzo*, 171 Misc 2d 541; *People v Singh*, 131 Misc 2d 1094; *see also, People v Fields,* 258 AD2d 593), here defendant had clear notice of the presentment, was represented by counsel throughout the proceedings and had an unfettered opportunity to confer with his counsel. Defendant has failed to provide any appellate authority compelling dismissal of the indictment on the facts presented here, and our own research discloses none.

Based upon our review of the motion papers, we conclude that defendant was afforded an adequate opportunity to consult with counsel, and his decision not to testify before the Grand Jury was merely a tactical maneuver directly stemming therefrom. Surely, defendant required little or no preparation in order to render a truthful account of the events of the early morning hours of May 3, 1997. In addition, he was aware of (and in fact very familiar with) all of the witnesses to the events and, having been supplied a copy of Nelson's supporting deposition, had notice of the evidence that was likely to be presented against him. We are therefore unpersuaded that defendant lacked the information necessary to help him decide whether he should testify before the Grand Jury. Finally, defendant has provided no reason why he could not have obtained adequate sleep during the night and morning preceding the Grand Jury presentment or medical evidence to support the claim that he was unduly suffering from injuries that he had received a full week earlier. We therefore conclude that, although defendant was entitled to have his right to appear before the Grand Jury " 'scrupulously protected' " (*People v Smith*, 87 NY2d 715, 721, quoting *People v Corrigan*, 80 NY2d 326, 332), under the circumstances present here the 1½ business days' notice was not unreasonable as a matter of law.

Defendant's additional contentions do not warrant extended discussion. First, to the extent that the issue may be preserved for our consideration, we reject the contention that the jury's verdict convicting defendant of depraved indifference murder was not supported by legally sufficient evidence or was against the weight of the evidence. Viewed in a light most favorable to

the People (*see, People v Roe*, 74 NY2d 20, 25), the trial testimony of Nelson and the Medical Examiner clearly supported a finding that defendant deliberately thrust a steak knife into King's chest with significant force. In our view, that conduct may properly be characterized as "imminently dangerous and present[ing] a grave risk of death" (*id.*, at 24) and thus supports a conviction of depraved indifference murder (*see, id.*; *People v Rios*, 230 AD2d 87, 90-91, *lv denied* 90 NY2d 862; *People v Sosa*, 181 AD2d 532, 533, *lv denied* 80 NY2d 838; *People v Santana*, 163 AD2d 495, 496, *affd* 78 NY2d 1027). Further, viewing the evidence in a neutral light, but according due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495), we conclude that the verdict was not against the weight of the evidence (*see, People v Rose*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801).

Nor are we persuaded that County Court erred in certain of its evidentiary rulings. The People's use of defendant's prior statements as admissions and for impeachment purposes by no means opened the door for defendant's offer of prior consistent statements (*see, People v Buie*, 86 NY2d 501, 510; *People v Borgia*, 263 AD2d 553). We also conclude that County Court properly excluded testimony concerning King's reputation for and history of violent behavior which was not reasonably related in time and quality to the present crimes and where it could not be established that defendant had specific knowledge of the proffered violent acts (*see, People v Miller*, 39 NY2d 543, 551-552).

Defendant's remaining contentions have been considered and found to be either unpreserved for our review or lacking in merit.

Cardona, P. J., and Carpinello, J., concur.

Peters, J. (dissenting). While we agree that Grand Jury proceedings should not be delayed merely to afford a defendant a "more desirous position with respect to assimilating evidence and assessing whether or not he should testify" (*People v Cajigas*, 174 Misc 2d 472, 484), we cannot agree that one day's notice provided defendant with a genuine opportunity to exercise his due process rights pursuant to CPL 190.50 (5) or that defense counsel's focus during this brief period pertained to discovery efforts rather than due process assertions.

Our preeminent concern is the People's failure to provide defendant with a reasonable opportunity to testify under any of the circumstances detailed in CPL 190.50 (5)—prior to the Grand Jury's vote (CPL 190.50 [5] [a]; *see, People v Evans*, 79

NY2d 407, 413), after the vote, or "anytime 'prior to the filing of [an] indictment' " (*People v Evans, supra*, at 413, quoting CPL 190.50 [5] [a]).[1] Correspondence exchanged between defense counsel and the District Attorney included a letter, dated May 6, 1997, protesting the speed at which the Grand Jury presentment was proceeding. Reiterating his client's desire to testify, defense counsel advised that "we are not withdrawing, in any respect, our request that he be given a reasonable opportunity to consider his appearance before the Grand Jury or that the issues that I have presented be presented to the Grand Jury for their consideration." Despite this assertion, the case was fully presented and a vote taken on that date without the District Attorney advising the Grand Jury of defendant's request to testify. Moreover, at no time did the District Attorney offer him the opportunity to testify in the week between the vote and the handing up of the indictment.

While we acknowledge that no specific time requirement for notice concerning Grand Jury presentment is statutorily detailed (*see*, CPL 190.50), it is well settled that " 'notice "must be reasonably calculated to apprise the defendant of the Grand Jury proceeding [and] permit him to exercise his right to testify" ' " (*People v Moore*, 249 AD2d 575, *lv denied* 92 NY2d 857, quoting *People v Wise*, 236 AD2d 739, 740-741, *lv denied* 89 NY2d 1103). Assessing the reasonableness of such notice entails a review of numerous factors which must include the time frame within which the defendant acquired counsel so as to assist in his assessment of the option to appear before the Grand Jury, as well as the amount of notice provided to the now-represented defendant before the Grand Jury's consideration of evidence. Forcing a defendant to testify before a Grand Jury on the same day that counsel is assigned (*see, People v Singh*, 131 Misc 2d 1094; *People v Trammel*, 178 Misc 2d 753) or on the same day in which counsel advises the People of his client's request to testify before the Grand Jury (*see, People v Gini*, 72 AD2d 752) has been deemed insufficient.[2] While two days' notice has been upheld, it was found to affect the "integ-

1. The significance of providing a defendant with an opportunity to testify before the Grand Jury presentment and vote as compared to after such vote, but prior to the filing of an indictment, is " 'qualitatively different' " (*People v Evans, supra*, at 410) since its consideration of evidence and the determination of whether an indictment should issue has been deemed a "critical accusatory stage" (*id.*, at 414).

2. At the other end of the spectrum, 21 days' notice is sufficient (*see, People v Correa*, 197 AD2d 430, *lv denied* 82 NY2d 892), as is 16 days (*see, People v Cajigas*, 174 Misc 2d 472, *supra*), seven days (*see, People v Dabney*, 172 Misc 2d 458; *People v Johnson*, 168 Misc 2d 798), six days (*see, People v*

rity of the presentment" (*People v Jones*, 186 AD2d 1081, 1082, *lv denied* 81 NY2d 763).

The many courts which have considered the issue of proper notice have focused upon ensuring that a defendant's right to the assistance of counsel, when assessing the option of appearing before the Grand Jury, has some real substance. While the offense at issue is not determinative, it is a factor to be considered in the totality of circumstances. Here, the record is bereft of evidence to indicate that this hasty presentation of the charge of murder was prompted by time restrictions concerning defendant's release. Were such restrictions present, the District Attorney could have required that defendant waive any time limitations in exchange for the right to appear (*see, People v Degnan*, 246 AD2d 819; *see also, People v Singh*, 131 Misc 2d 1094, *supra*). Moreover, where, as here, on a charge of murder the question arises as to whether defendant was an initial aggressor or acted in self-defense, it is beyond cavil that his opportunity to testify before the Grand Jury can be of critical significance (*see, People v Diaz*, 137 Misc 2d 181), possibly leading "to his complete exoneration or to being charged with less serious offenses" (*People v Goldsborough*, 150 Misc 2d 345, 348-349, *supra*). Having promptly provided notice to the District Attorney that he wished to testify before the Grand Jury, defendant should not have been required to appear the next day or totally relinquish this right.

In our view, the indictment should be dismissed, the order reversed and the matter remitted to County Court for further proceedings.

Spain, J., concurs. Ordered that the judgment and order are affirmed.

---

*Ferrara*, 99 AD2d 257; *cf., People v Randazzo*, 171 Misc 2d 541), five days (*see, People v Wise*, 236 AD2d 739, *supra*), four days (*see, People v Pugh*, 207 AD2d 503; *People v Perez*, 158 Misc 2d 956) and three days (*see, People v Moore*, 249 AD2d 575, *supra*; *cf., People v Goldsborough*, 150 Misc 2d 345).