■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS VETERE, Appellant. [731 NYS2d 163] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered September 24, 1999, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, assault in the second degree, attempted assault in the second degree (two counts), and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 20 years each on the attempted murder and first-degree assault convictions and seven years on the second-degree assault conviction, to run consecutively to concurrent terms of 2 to 4 years on the attempted second-degree assault convictions and consecutively to a term of 3½ to 7 years on the weapon possession conviction, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request for a continuance to the next day, made on the ground that defendant was too "tired" to take the stand at that time. The application was made in the morning, on the last day of the trial, and the court properly concluded that defendant's claim of fatigue was merely a delaying tactic (cf., People v Sawyer, 274 AD2d 603, 606, affd 96 NY2d 815). De-

fendant was not deprived of his right to testify, since the court repeatedly stressed that it was ready to proceed with defendant's testimony if he chose to take the stand and provided him with the opportunity to confer with counsel on that matter for half an hour before proceeding with summation.

The court was under no obligation to direct a competency examination, since there were no reasonable grounds to believe that defendant was an incapacitated person (*People v Morgan*, 87 NY2d 878).

Since defendant did not request a substitution of counsel or permission to represent himself, the court was not required to conduct any inquiries into such matters. The record establishes that defendant received meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714).

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.