■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DUNN, Appellant. [787 NYS2d 317]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., on dismissal motion; Lewis Bart Stone, J., at jury trial and sentence), rendered June 19, 2003, convicting defendant of grand larceny in the third degree (two counts), grand larceny in the fourth degree (two counts), criminal possession of a forged instrument in the second degree and attempted grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 9 to 18 years, unanimously affirmed.

The People's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The remarks that defendant challenges as straying from the record constituted efforts to draw reasonable inferences from the evidence, and the remarks that defendant challenges as denigrating the defense were within the bounds of permissible rhetoric. Defendant failed to preserve his other challenges to the summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find them unavailing. In any event, even if some of the prosecutor's remarks were inappropriate, any error was harmless in light of the overwhelming evidence of defendant's guilt.

The People did not violate defendant's right to testify before the grand jury. Defendant received a reasonable opportunity to testify (*see People v Sawyer*, 274 AD2d 603 [2000], *affd* 96 NY2d 815 [2001]), but instead of availing himself of that opportunity, he attempted to place meritless conditions on his waiver of immunity (*see* CPL 190.45 [4]). Furthermore, it is clear defendant was very familiar with grand jury procedures as the result of his prior cases (*see People v Dunn*, 248 AD2d 87, 96 [1998], *lv withdrawn* 93 NY2d 1002 [1999]), and knew or should reasonably have known that he was not entitled to limit his waiver of immunity to the crimes charged in the felony complaint. Concur—Buckley, P.J., Sullivan, Nardelli, Williams and Sweeny, JJ.