| People v Martinez |
|:---:|
| 2023 NY Slip Op 34721(U) |
| July 26, 2023 |
| County Court, Westchester County |
| Docket Number: Indictment No. 71205-23/001 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

    -against-

RICHARD MARTINEZ,

                 Defendant.
---------------------------------------------------------------------X

**ROBERT J. PRISCO, J.**

**DECISION & ORDER**

Indictment No. 71205-23/001

      Defendant **RICHARD MARTINEZ** is charged by Indictment Number 71205-23/001 with one count of Attempted Assault in the First Degree pursuant to Penal Law [PL] §§ 110 and 120.10 (1) [Count One], one count of Assault in the Second Degree pursuant to PL § 120.05 (2) [Count Two], one count of Criminal Possession of a Weapon in the Third Degree pursuant to PL § 265.02 (1) [Count Three], one count of Criminal Possession of a Weapon in the Fourth Degree pursuant to PL § 265.01 (2) [Count Four], and one count of Menacing in the Second Degree pursuant to PL § 120.14 (1) [Count Five].

      On September 9, 2022, Defendant was charged via felony complaint with aiding and abetting co-defendant Mateo Martinez in the commission of Assault in the Second Degree, as a Hate Crime, pursuant to PL §§ 120.05 (2) and 485.05, and he was arraigned thereon in the Ossining Town Court (*see* Page 2, Paragraph 3, of Defendant's Affirmation, and Page 2 of the People's Affirmation in Opposition).

      On September 27, 2022, Defendant waived CPL § 30.30 time (*see* Page 3 of the People's Affirmation in Opposition).[1]

---

[1] According to the People, during a conversation with Mary Patricia Long, Esq., of the Westchester County Legal Aid Society, the People discussed the possibility of a Superior Court Information (hereinafter "SCI") conference on this matter, and "Ms. Long indicated that she would speak with her client about an SCI if the People confirmed that a guilty plea would not require defendant Richard Martinez to plead to a 'hate crime'" (*see* Pages 2-3 of the People's Affirmation in Opposition). The People further state that, "[a]fter confirming the offer would be to a non-hate crime, the People, again, spoke with Ms. Long, who stated she would attempt to speak with defendant Richard Martinez regarding an SCI conference, or, in the alternative, about testifying in the grand jury" (*Id.* at Page 3).

FILED

JUL 27 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

1

Between October 4, and 26, 2022, Defendant "requested a felony hearing, withdrew that request, and the matter ultimately was adjourned in Ossining Town Court…for defendant Richard Martinez to continue considering an SCI conference" (*see* Page 3 of the People's Affirmation in Opposition).

On October 26, 2022, by email, the People notified defense counsel that the case would be "presented to a Westchester Grand Jury on **Tuesday, November 1, 2022**," and asked that counsel advise the People by "**Friday, October 28, 2022, at noon**, whether or not [Defendant] intend[s] to testify in the Grand Jury" (*see* Page 3 of the People's Affirmation in Opposition and Exhibit 1 attached thereto; *see also* Page 2, Paragraph 4, of Defendant's Affirmation). Attached to the People's email was a notice of grand jury presentation, and a blank waiver of immunity form pursuant to CPL § 190.45 (*see* Exhibit 1 attached to the People's Affirmation in Opposition).

On October 26, 2022, in anticipation of the SCI conference, the People also emailed defense counsel a blank SCI form (*see* Page 4 of the People's Affirmation in Opposition and Exhibit 2 attached thereto).[2]

Between October 26, and 28, 2022, "the People spoke with Ms. Long, and conveyed that counsel for codefendant Mateo Martinez had contacted the People about an SCI conference" (*see* Page 4 of the People's Affirmation in Opposition). The People allege that they "explained to Ms. Long that an SCI conference would be available only if both defendants agreed to an SCI conference since the facts of the case did not merit splitting them," and that in response, "Ms. Long indicated that she understood and would speak with her client" (*Id.*). The People further claim that during that time period, they "impressed upon Ms. Long that the victims in the case were appearing at the Westchester County District Attorney's Office…for grand jury preparation on October 28, 2022, at 12:00 PM, and that she would need to advise the People before the date and time of the People's meeting with the victims if defendant Richard Martinez was seeking an SCI conference" (*Id.*).

On October 28, 2022, defense counsel informed the People that Defendant had executed the SCI form, and the People received the executed SCI form that same day (*see* Page 4 of the People's Affirmation in Opposition).

---

[2] Also attached to this email were the same notice of grand jury presentation and blank waiver of immunity form that were attached to the People's other October 26, 2022 email.

On November 9, 2022, Defendant's agreement to pursue an SCI was placed on the record in the Ossining Town Court, and the case was adjourned for SCI control purposes (*see* Page 2, Paragraph 7, of Defendant's Affirmation, and Page 5 of the People's Affirmation in Opposition).

On February 7, 2023, an SCI conference was held in the Westchester County Court before the Honorable James A. McCarty, at which time the People conveyed an offer of Attempted Assault in the Second Degree, with a sentence of two to four years in State Prison, fines, surcharges, and orders of protection[3] (*see* Page 2, Paragraph 8, of Defendant's Affirmation, and Page 8 of the People's Affirmation in Opposition). The matter was adjourned to March 8, 2023 for a possible disposition in the Pleadings Part of the Westchester County Court.

On March 8, 2023, the parties appeared before the Honorable Maurice Williams and Defendant rejected the conveyed SCI offer. The matter was then returned to the Ossining Town Court for further proceedings (*see* Page 2, Paragraph 9, of Defendant's Affirmation, and Page 5 of the People's Affirmation in Opposition).

On March 10, 2023, the People sent an email to both defense counsel stating, "Good afternoon, I understand your clients rejected the SCI. Please advise by 3/17/23 at 12:00 PM if your client intend[s] to testify in the grand jury" (*see* Page 5 of the People's Affirmation in Opposition and Exhibit 3a attached thereto; *see also* Page 2, Paragraph 10, of Defendant's Affirmation).

On March 10, 2023, Katie Wasserman, Esq., of the Westchester County Legal Aid Society, responded by stating, "Email received- I will aim to get you an answer by Monday" (*see* Page 5 of the People's Affirmation in Opposition and Exhibit 3a attached thereto; *see also* Page 2, Paragraph 11, of Defendant's Affirmation).

On March 14, 2023, the People sent a text message to defense counsel, Ms. Wasserman, stating, "What happened with Mr. Martinez? Why did he reject?" (*see* Page 2, Paragraph 12, of Defendant's Affirmation, and Page 6 of the People's Affirmation in Opposition).

On March 15, 2023, defense counsel responded by text message stating, "It's definitely the state prison offer…I think he would be willing to consider a misdemeanor, but that's about it" (*see* Page 3, Paragraph 13, of Defendant's Affirmation, and Page 6 of the People's Affirmation in

---

[3] The People contend that at the end of this conference, they "reminded defense counsel to speak with defendant Richard Martinez about testifying in the grand jury, if he intended to reject the SCI offer" (*see* Page 8 of the People's Memorandum of Law).

3

Opposition). On the same date, the People stated, "I think we can discuss the state prison part of it but I don't think a misdemeanor is in the cards given his record. He's a predicate. Is a felony completely out of the question for him?" (*Id.*). Defense counsel then responded, "Yea[h], I think the felony is a deal breaker" (*Id.*).

On April 3, 2023, the People emailed defense counsel stating, "Hi Katie, I assume he is not testifying, right?" (*see* Page 6 of the People's Affirmation in Opposition and Exhibit 3a attached; *see also*, Page 3 Paragraph 17, of Defendant's Affirmation).

On April 26, 2023, the People presented evidence and provided applicable legal instructions to a grand jury regarding Defendant's alleged crimes, after which a true bill was voted (*see* Page 9 of the People's Affirmation in Opposition).

On May 1, 2023, the People informed defense counsel that his client had been indicted (*see* Page 9 of the People's Affirmation in Opposition and Exhibit 4a attached thereto; *see also* Page 3, Paragraph 20, of Defendant's Affirmation).

On May 15, 2023, Defendant was arraigned in the Westchester County Court on the charges contained in Indictment Number 71205-23/001, and he entered a plea of not guilty.

On May 22, 2023, the Court received Defendant's Notice of Motion, an Affirmation, and a Memorandum of Law, pursuant to CPL §§ 190.50 and 210.20 (1) (a), seeking to dismiss the indictment based upon the People's "failure to serve proper grand jury notice, preventing Mr. Martinez from exercising his right to testify in the grand jury."

On May 30, 2023, the People filed an Affirmation in Opposition, Memorandum of Law, and four exhibits labeled 1-4 in opposition to Defendant's motion.

After consideration of the above referenced submissions, and the arguments presented therein, the Court decides Defendant's Motion as follows:

## MOTION TO DISMISS INDICTMENT PURSUANT TO CPL § 190.50

Pursuant to CPL § 190.50 (5) (a), "[w]here, as here, the defendant has been arraigned upon an undisposed felony complaint, the People 'must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his [or her] right to appear as a witness therein'" (*People v Jordan*, 203 AD3d 1072, 1073 [2d Dept 2022]; *see People v Smith*, 87 NY2d 715, 720 [1996]; *People v Abussalam*, 196 AD3d

4

1000, 1002-1003 [3d Dept 2021], *lv. denied* 37 NY3d 1144 [2021]; *People v Graham*, 185 AD3d 1221, 1222 [3d Dept 2020], *lv. denied* 36 NY3d 929 [2020]; *People v Wilkerson*, 140 AD3d 1297, 1299 [3d Dept 2016], *lv. denied* 28 NY3d 938 [2016]; *People v Sawyer*, 274 AD2d 603, 605 [3d Dept 2000], *aff'd* 96 NY2d 815 [2001]). While "[t]he People do not have to provide a defendant with the precise date that the case would be presented to the grand jury" (*People v Perez*, 213 AD3d 984, 985 [3d Dept 2023], *lv. denied* 39 NY3d 1156 [2023]; *see People v Abussalam*, 196 AD3d at 1003; *People v Greene,* 195 AD2d 888, 888-889 [3d Dept 1993], *lv. denied* 82 NY2d 850 [1993]), "[s]uch notice 'must be reasonably calculated to apprise the defendant of the [g]rand [j]ury proceeding [and] permit him [or her] to exercise his [or her] right to testify'" (*People v Jordan*, 203 AD3d at 1073; *see People v Perez*, 213 AD3d at 985; *People v Graham*, 185 AD3d at 1222; *People v Hicks*, 172 AD3d 1938, 1938 [4th Dept 2019]; *People v Sawyer*, 274 AD2d at 605; *People v Wise*, 236 AD2d 739, 740-741 [3d Dept 1997], *lv. denied* 89 NY2d 1103 [1997]). "Criminal Procedure Law § 190.50 (5) (a) provides a defendant with the right to testify before the grand jury 'if, prior to the filing of any indictment ... in the matter, he serves upon the district attorney of the county a written notice making such request'" (*People v Smith*, 174 AD3d 655, 656 [2d Dept 2019]; *see People v Jordan*, 203 AD3d at 1072-1073; *People v Wilkerson*, 140 AD3d at 1299; *People v Ellison*, 119 AD3d 602, 603 [2d Dept 2014]; *People v Sain*, 111 AD3d 964, 965 [2d Dept 2013], *lv. denied* 23 NY3d 967 [2014]).

Here, the People complied with the requirements of CPL § 190.50 (5) (a) by providing Defendant with reasonable notice that a grand jury proceeding on his case would occur. Commencing on October 26, 2022, the People provided written notification to defense counsel that Defendant's case would be presented to a Westchester County Grand Jury on November 1, 2022, and a request was made that counsel advise the People no later than October 28, 2022, as to whether Defendant wished to testify (*see* Exhibit 1 attached to the People's Affirmation in Opposition). Subsequently, on March 10, 2023, after Defendant rejected the plea offer that was conveyed at the SCI conference, defense counsel was requested by email to advise the People no later than March 17, 2023, as to whether Defendant intended to testify in the Grand Jury (*see* Exhibit 3a attached to the People's Affirmation in Opposition).[4] As the matter was not presented

---

[4] Counsel's argument regarding the People's failure to follow their "custom and practice" of serving grand jury notice via letter after the rejection of the SCI on March 8, 2023 (*see* Page 3, Paragraph 22, of Defendant's Affirmation in Opposition) is without merit as CPL § 190.50 (5) (a) does not require the People's notice to be in letter form.

to the Grand Jury until April 26, 2023, Defendant and his counsel had over six weeks from the People's March 10, 2023 email to provide the People with written notice of the defendant's intent to testify before the grand jury, but failed to do so (*see People v Castro*, 207 AD3d 1027, 1027 [4th Dept 2022]; *People v Boodrow,* 205 AD3d 1134, 1135 [3d Dept 2022]; *People v Morton*, 198 AD3d 1176, 1177 [3d Dept 2021], *lv. denied* 37 NY3d 1163 [2022]; *People v Hernandez*, 192 AD3d 1528, 1529 [4th Dept 2021], *lv. denied* 37 NY3d 957 [2021]; *People v Smith*, 174 AD3d at 656-657; *People v Wilkerson*, 140 AD3d at 1300; *People v Sain*, 111 AD3d at 965; CPL § 190.50 (5) (a)).

Moreover, when the People sent an email to defense counsel on April 3, 2023, expressing their assumption that the defendant did not wish to testify, defense counsel never responded (*see* Exhibit 3a attached to the People's Affirmation in Opposition).

Consequently, Defendant's motion to dismiss the indictment on the ground that the People failed to serve proper grand jury notice is denied, as the defendant was accorded a reasonable amount of time to exercise his right to appear as a witness in the April 26, 2023 Grand Jury presentation of his case, and he failed to notify the People of his request to exercise such right.

The foregoing constitutes the Decision and Order of the Court.

Dated: White Plains, New York
July 26, 2023

HONORABLE ROBERT J. PRISCO
County Court Judge

6

To: HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Catalina Blanco Buitrago

THE LEGAL AID SOCIETY OF
WESTCHESTER COUNTY
Attorney for Defendant Richard Martinez
150 Grand Street-Suite 100
White Plains, New York 10601
Attn: Katie D. Wasserman, Esq.

[* 7]