| People v Martinez |
|---|
| 2023 NY Slip Op 34719(U) |
| July 26, 2023 |
| County Court, Westchester County |
| Docket Number: Indictment No. 71205-23/002 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER



--------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

       -against-                              DECISION & ORDER

MATEO MARTINEZ,                          Indictment No. 71205-23/002

                      Defendant.
--------------------------------------------------------------------x
ROBERT J. PRISCO, J.

      Defendant **MATEO MARTINEZ** is charged by Indictment Number 71205-23/002 with two counts of Attempted Assault in the Third Degree, as a Hate Crime, pursuant to Penal Law [PL] §§ 110, 120.00 (1) and 485.05 (1) (a) and (b) [Counts Six and Seven], one count of Attempted Assault in the Third Degree pursuant to PL §§ 110 and 120.00 (1) [Count Eight], one count of Aggravated Harassment in the Second Degree pursuant to PL § 240.30 (3) [Count Nine], and one count of Harassment in the Second Degree pursuant to PL § 240.26 (1) [Count Ten].

      On September 9, 2022, Defendant was charged via felony complaint with aiding and abetting co-defendant Richard Martinez in the commission of Assault in the Second Degree, as a Hate Crime, pursuant to PL §§ 120.05 (2) and 485.05, and he was arraigned thereon in the Ossining Town Court (*see* Page 1, Paragraph 3, of Defendant's Affirmation, and Page 2 of the People's Affirmation in Opposition).

      On September 27, 2022, Defendant waived CPL § 30.30 time (*see* Page 6 of the People's Affirmation in Opposition).[1]

      Between October 4, and 26, 2022, Defendant "requested a felony hearing, withdrew that request, and the matter was adjourned in Ossining Town Court…for defendant Mateo Martinez to continue considering an SCI conference" (*see* Page 6 of the People's Affirmation in Opposition).

---

[1] According to the People, during a conversation with defense counsel, Jay Sherman, Esq., the People discussed the possibility of a Superior Court Information (hereinafter "SCI") conference on this matter, and "Mr. Sherman indicated that his client was interested in an SCI, but would proceed with whatever his co-defendant decided, as co-defendant Richard Martinez was the alleged stabber" (*see* Page 6 of the People's Affirmation in Opposition).

On October 26, 2022, by email, the People notified defense counsel that the case would be "presented to a Westchester Grand Jury on **Tuesday, November 1, 2022**," and asked that counsel advise the People by "**Friday, October 28, 2022, at noon**, whether or not [Defendant] intend[s] to testify in the Grand Jury" (*see* Page 7 of the People's Affirmation in Opposition and Exhibit 1 attached thereto; *see also* Page 1, Paragraph 4, of Defendant's Affirmation). Attached to the People's email was a notice of grand jury presentation, and a blank waiver of immunity form pursuant to CPL § 190.45 (*see* Exhibit 1 attached to the People's Affirmation in Opposition).

On October 26, 2022, in anticipation of an SCI conference, the People also emailed defense counsel a blank SCI form (*see* Page 4 of the People's Affirmation in Opposition and Exhibit 2 attached thereto).[2]

On October 27, 2022, defense counsel advised the People that the defendant "would execute an SCI," and the People received the executed SCI form that same day (*see* Page 1, Paragraph 6, of Defendant's Affirmation).[3]

On November 9, 2022, Defendant's agreement to pursue an SCI was placed on the record in the Ossining Town Court, and the case was adjourned for SCI control purposes (*see* Page 2, Paragraph 7, of Defendant's Affirmation, and Page 8 of the People's Affirmation in Opposition).

On February 7, 2023, an SCI conference was held in the Westchester County Court before the Honorable James A. McCarty, at which time the People conveyed an offer of Attempted Assault in the Third Degree, as a Hate Crime, with a sentence of three years of probation, fines, surcharges and orders of protection[4] (*see* Page 2, Paragraph 8, of Defendant's Affirmation, and Page 8 of the People's Affirmation in Opposition). The matter was adjourned to March 8, 2023 for a possible disposition in the Pleadings Part of the Westchester County Court.

---

[2] Also attached to this email were the same notice of grand jury presentation and blank waiver of immunity form that were attached to the People's other October 26, 2022 email.

[3] Per the People, during a telephone conversation with defense counsel, "the People indicated that the SCI conference would be available only if both defendants agreed to an SCI conference since the facts of the case did not merit splitting them," and "in anticipation of an SCI conference [on October 26, 2022,] the People emailed Mr. Sherman a blank SCI form" (*see* Page 7 of the People's Memorandum of Law and Exhibit 2 attached thereto; *see also* Page 2, Paragraph 5, of Defendant's Affirmation).

[4] The People contend that during this conference, they "reminded defense counsel to speak with defendant Mateo Martinez about testifying in the grand jury, if he intended to reject the SCI offer" (*see* Page 8 of the People's Memorandum of Law).

2

On March 8, 2023, the parties appeared before the Honorable Maurice Williams and Defendant rejected the conveyed SCI offer. The matter was then returned to the Ossining Town Court for further proceedings (*see* Page 2, Paragraph 9, of Defendant's Affirmation, and Page 8 of the People's Affirmation in Opposition).

On March 10, 2023, the People sent an email to both defense counsel stating, "Good afternoon, I understand your clients rejected the SCI. Please advise by 3/17/23 at 12:00 PM if your client intend[s] to testify in the grand jury" (*see* Page 8 of the People's Affirmation in Opposition and Exhibit 3b attached thereto; *see also* Page 2, Paragraph 10, of Defendant's Affirmation).

On April 3, 2023, the People again emailed defense counsel stating, "Hi Mr. Sherman, I am assuming your client does not wish to testify in the GJ. If that is not the case, please let me know. Otherwise, the case will proceed without his testimony in the GJ" (*see* Pages 8-9 of the People's Affirmation in Opposition and Exhibit 3b attached thereto; *see also* Page 2, Paragraph 12, of Defendant's Affirmation). That same day, defense counsel confirmed that his client did not wish to testify by stating, "[Y]es, correct. [T]hank you" (*see* Page 9 of the People's Affirmation in Opposition and Exhibit 3b attached thereto).

On April 26, 2023, the People presented evidence and provided applicable legal instructions to a grand jury regarding Defendant's alleged crimes, after which a true bill was voted (*see* Page 9 of the People's Affirmation in Opposition).

On May 1, 2023, the People informed defense counsel that his client had been indicted (*see* Page 9 of the People's Affirmation in Opposition and Exhibit 4b attached thereto; *see also* Page 2, Paragraph 15, of Defendant's Affirmation).

On May 15, 2023, Defendant was arraigned in the Westchester County Court on the charges contained in Indictment Number 71205-23/002, and he entered a plea of not guilty.

On May 22, 2023, the Court received, via email, Defendant's Notice of Motion, Affirmation, and Memorandum of Law, pursuant to CPL §§ 190.50 and 210.20 (1) (a), seeking dismissal of the indictment based upon the People's "failure to serve proper grand jury notice, preventing Mr. Martinez from exercising his right to testify in the grand jury."

On May 30, 2023, the People filed an Affirmation in Opposition, a Memorandum of Law, and four exhibits labeled 1-4 in opposition to Defendant's motion.

After consideration of the above referenced submissions, and the arguments presented

3

therein, the Court decides Defendant's Motion as follows:

## MOTION TO DISMISS INDICTMENT PURSUANT TO CPL § 190.50

Pursuant to CPL § 190.50 (5) (a), "[w]here, as here, the defendant has been arraigned upon an undisposed felony complaint, the People 'must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his [or her] right to appear as a witness therein'" (*People v Jordan*, 203 AD3d 1072, 1073 [2d Dept 2022]; *see People v Smith*, 87 NY2d 715, 720 [1996]; *People v Abussalam*, 196 AD3d 1000, 1002-1003 [3d Dept 2021], *lv. denied* 37 NY3d 1144 [2021]; *People v Graham*, 185 AD3d 1221, 1222 [3d Dept 2020], *lv. denied* 36 NY3d 929 [2020]; *People v Wilkerson*, 140 AD3d 1297, 1299 [3d Dept 2016], *lv. denied* 28 NY3d 938 [2016]; *People v Sawyer*, 274 AD2d 603, 605 [3d Dept 2000], *aff'd* 96 NY2d 815 [2001]). While "[t]he People do not have to provide a defendant with the precise date that the case would be presented to the grand jury" (*People v Perez*, 213 AD3d 984, 985 [3d Dept 2023], *lv. denied* 39 NY3d 1156 [2023]; *see People v Abussalam*, 196 AD3d at 1003; *People v Greene,* 195 AD2d 888, 888-889 [3d Dept 1993], *lv. denied* 82 NY2d 850 [1993]), "[s]uch notice 'must be reasonably calculated to apprise the defendant of the [g]rand [j]ury proceeding [and] permit him [or her] to exercise his [or her] right to testify'" (*People v Jordan*, 203 AD3d at 1073; *see People v Perez*, 213 AD3d at 985; *People v Graham*, 185 AD3d at 1222; *People v Hicks*, 172 AD3d 1938, 1938 [4th Dept 2019]; *People v Sawyer*, 274 AD2d at 605; *People v Wise*, 236 AD2d 739, 740-741 [3d Dept 1997], *lv. denied* 89 NY2d 1103 [1997]). "Criminal Procedure Law § 190.50 (5) (a) provides a defendant with the right to testify before the grand jury 'if, prior to the filing of any indictment … in the matter, he serves upon the district attorney of the county a written notice making such request'" (*People v Smith*, 174 AD3d 655, 656 [2d Dept 2019]; *see People v Jordan*, 203 AD3d at 1072-1073; *People v Wilkerson*, 140 AD3d at 1299; *People v Ellison*, 119 AD3d 602, 603 [2d Dept 2014]; *People v Sain*, 111 AD3d 964, 965 [2d Dept 2013], *lv. denied* 23 NY3d 967 [2014]).

Here, the People complied with the requirements of CPL § 190.50 (5) (a) by providing Defendant with reasonable notice that a grand jury proceeding on his case would occur. Commencing on October 26, 2022, the People provided written notification to defense counsel that Defendant's case would be presented to a Westchester County Grand Jury on November 1,

4

2022, and a request was made that counsel advise the People no later than October 28, 2022, as to whether Defendant wished to testify (*see* Exhibit 1 attached to the People's Affirmation in Opposition). Subsequently, on March 10, 2023, after Defendant rejected the plea offer that was conveyed at the SCI conference, defense counsel was requested by email to advise the People no later than March 17, 2023, as to whether Defendant intended to testify in the Grand Jury (*see* Exhibit 3b attached to the People's Affirmation in Opposition).[5] As the matter was not presented to the Grand Jury until April 26, 2023, Defendant and his counsel had over six weeks from the People's March 10, 2023 email to provide the People with written notice of the defendant's intent to testify before the grand jury, but failed to do so (*see People v Castro*, 207 AD3d 1027, 1027 [4th Dept 2022]; *People v Boodrow*, 205 AD3d 1134, 1135 [3d Dept 2022]; *People v Morton*, 198 AD3d 1176, 1177 [3d Dept 2021], *lv. denied* 37 NY3d 1163 [2022]; *People v Hernandez*, 192 AD3d 1528, 1529 [4th Dept 2021], *lv. denied* 37 NY3d 957 [2021]; *People v Smith*, 174 AD3d at 656-657; *People v Wilkerson*, 140 AD3d at 1300; *People v Sain*, 111 AD3d at 965; CPL § 190.50 (5) (a)).

Moreover, when the People sent an email to defense counsel on April 3, 2023, expressing their assumption that the defendant did not wish to testify and requesting notification if the contrary was true, defense counsel responded that same day by stating, "[Y]es, correct. [T]hank you" (*see* Exhibit 3b attached to the People's Affirmation in Opposition).

Consequently, Defendant's motion to dismiss the indictment on the ground that the People failed to serve proper grand jury notice is denied, as the defendant was accorded a reasonable amount of time to exercise his right to appear as a witness in the April 26, 2023 Grand Jury presentation of his case, and he failed to notify the People of his request to exercise such right.[6]

---

[5] Counsel's argument regarding the People's failure to follow their "custom and practice" of serving grand jury notice via letter after the rejection of the SCI on March 8, 2023 (*see* Page 2, Paragraph 17, of Defendant's Affirmation in Opposition) is without merit as CPL § 190.50 (5) (a) does not require the People's notice to be in letter form.

[6] As the Court has determined that proper grand jury notice was provided, the People's contention that they were not required to provide notice is not addressed herein.

The foregoing constitutes the Decision and Order of the Court.

Dated: White Plains, New York
July 26, 2023

HONORABLE ROBERT J. PRISCO
County Court Judge

To:     HON. MIRIAM E. ROCAH
        Westchester County District Attorney
        111 Dr. Martin Luther King Jr. Blvd.
        White Plains, New York 10601
        Attn: Assistant District Attorney Catalina Blanco Buitrago

        JAY C. SHERMAN, ESQ.
        Attorney for Defendant Mateo Martinez
        30 State Street
        Ossining, New York 10562

[* 6]