■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RANDALL BOOKER, Respondent.

Under the circumstances of this case, the defendant was not denied his right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442; *People v O'Shaughnessy,* 118 AD2d 876; CPL 30.20, 30.30). The indictment was dismissed prior to the expiration of the six-month period within which the People were required to be ready for trial. No evidence was presented to show any prejudice to the defendant's ability to defend this case. The slight delay due to the unavailability of the complaining witness did not, in itself, deprive the defendant of a speedy trial.

The court should have afforded the People an adequate opportunity to contest the dismissal based upon the interest of justice. Further, the court was required to set forth, on the record, its reasons for the dismissal based upon that ground *(see,* CPL 210.40 [3]). We note that the court cannot dismiss the indictment in the interest of justice merely because the People did not move the case to trial within a period of time deemed reasonable by the court *(see, Matter of Holtzman v Goldman,* 71 NY2d 564). Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.