■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL SMITH, Respondent. [594 NYS2d 799] —Appeal by the People from an order of the Supreme Court, Kings County (Goldman, J.), entered July 11, 1991, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

On February 7, 1991, the defendant was arraigned on a felony complaint stemming from a May 28, 1990, robbery on the Brooklyn Bridge. The complainant's bicycle was stolen and he sustained an injury. At the arraignment, the defendant's Legal Aid Society counsel served a CPL 190.50 (5) (a) notice that the defendant intended to testify before the Grand Jury. That notice, however, failed to provide an address to which communications might be sent, as required by the statute. It stated only the defendant's name, his intention to testify, counsel's name, and the latter's telephone extension at the Legal Aid Society. The defendant was thereafter released on his own recognizance. On February 14, 1991, an individual from the District Attorney's office telephoned the attorney whose extension appeared on the defendant's CPL 190.50 notice and advised him that the defendant was scheduled to testify before the Grand Jury on February 19, 1991. The defendant's attorney thereafter made a number of unsuccessful attempts to notify his client. These included making telephone calls and sending a mailgram to the defendant on February 15, 1991, which provided counsel's telephone number and stated, in substance, that he had to report to his attorney's office on February 19 in order to prepare before his Grand Jury testimony was taken. There was no response to either the telephone calls or the mailgram. Upon defense counsel's request, the People granted a one day adjournment, but the defendant still did not appear. On February 22 the prosecutor charged the Grand Jury on the law and an indictment was returned charging two counts of robbery in the second degree.

The defendant thereafter moved to dismiss the indictment pursuant to CPL 210.20 (1) (c) and 210.35 (4) arguing that the indictment was defective as he was not accorded the opportunity to testify before Grand Jury pursuant to CPL 190.50. The Supreme Court dismissed the indictment, and granted the People leave to re-present. It stated from the bench that it was doing so "in the interest of justice". The court gave no reason for its actions other than they would "save a lot of time". This appeal by the People ensued.

There should be a reversal. There was no violation of CPL 190.50 because the People notified the defendant of the time and place of his scheduled appearance five days beforehand through the telephone call to his attorney. Further, we reject the defendant's claim that his attorney was ineffective in thereafter transmitting word of his scheduled appearance, and that this " 'effectively precluded' " him from exercising his right to appear as a witness (People v Jimenez, 180 AD2d 757, 758, quoting People v Lincoln, 80 AD2d 877). The facts of the present case are clearly distinguishable from those where we have found dismissal on this basis appropriate. Counsel here made a number of attempts reasonably calculated to apprise his client of the scheduled appearance. In that regard, we note that the defendant must be presumed to have received the mailgram and the record is devoid of any proof to rebut that presumption (see, Henniger v L.B.X. Excavating, 176 AD2d 917, 918; Matter of Rosa v Board of Examiners, 143 AD2d 351; 57 NY Jur 2d, Evidence and Witnesses, § 161).

To the extent that the Supreme Court may have based its decision on its own motion to dismiss pursuant to CPL 210.40, the requirements of that section clearly were not met. The People were not given an adequate opportunity to respond, and the one reference to saving time did not satisfy the mandate of CPL 210.40 (3) that the reason or reasons for dismissal be set forth on the record (see, Matter of Holtzman v Goldman, 71 NY2d 564, 572-573; People v Sullivan, 142 AD2d 695, 696; People v Booker, 140 AD2d 616, 617).

In view of the foregoing, we conclude that the Supreme Court improvidently exercised its discretion in dismissing the indictment. We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.