■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WISE, Appellant. [654 NYS2d 210] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 23, 1995, convicting defendant following a nonjury trial of the crime of burglary in the second degree.

Defendant was charged with burglary in the first degree as a result of having entered Stephanie Smith's apartment in the City of Binghamton, Broome County, on or about March 8, 1995, and threatened her with a firearm. It appears that on the evening in question at approximately 9:00 P.M., Smith, her daughter and Jerome Harris, her daughter's boyfriend, were at Smith's apartment when two individuals broke into the apartment. One of the intruders, later identified as defendant, was holding what appeared to be a handgun which he pointed at Smith while a demand for money was made. Smith's daughter and Harris, who were in another room, observed this activity through a partially opened door and, after hearing defendant threaten to shoot Smith, exited the apartment through a window and summoned the police. Shortly thereafter police of-

ficers apprehended defendant, who matched the description given by the witnesses, a short distance from the scene. Within a few minutes the police conducted a showup identification on the street and defendant was identified by both Smith and Harris. Defendant was arrested and given his *Miranda* warnings. He then signed a confession in which he admitted that he broke into the apartment with the intent to help collect money for his compatriot and, while therein, was handed a gun by his accomplice.

Defendant was arraigned in Binghamton City Court and, on March 15, 1995, appeared before County Court on a bail application at which time he was represented by a Senior Assistant Public Defender. On March 17, 1995, the Assistant District Attorney handling this case served the Chief Assistant Public Defender with a notice pursuant to CPL 190.50 (5) (a) indicating that the case was scheduled to be heard by the Grand Jury in the Justice Building in the City of Binghamton on March 22, 1995 and advised him the case had been assigned to a Senior Assistant Public Defender and would be presented to the Grand Jury the following week.* In addition, an investigator for the District Attorney's office personally served defendant on the same day at the County Jail with a similar CPL 190.50 (5) (a) notice.

The Grand Jury heard this matter on March 22, 1995, an indictment was returned that day, and defendant was arraigned on March 24, 1995 with the Senior Assistant Public Defender appearing with him. Thereafter, a motion to dismiss pursuant to CPL 190.50 (5) (c) was made by defendant and, in addition, defendant moved to suppress his statements contending that there was a lack of specific notice pursuant to CPL 710.30. County Court denied both motions, the case was tried without a jury, defendant was found guilty of the crime of burglary in the second degree and sentenced as a second felony offender.

Defendant claims that County Court erred in failing to dismiss the indictment pursuant to CPL 190.50. It is clear that in a case such as this the People are required to notify the defendant or his attorney of the Grand Jury proceedings and accord him a reasonable time to appear as a witness (*see, People v Smith*, 87 NY2d 715, 720; *People v Phillips*, 88 AD2d 672, 673). Although CPL 190.50 does not provide any specific method by which the District Attorney must provide notice, said notice "must be reasonably calculated to apprise the defendant of the

---

* It appears that the Senior Assistant Public Defender assigned to represent defendant was on vacation from March 17, 1995 to March 23, 1995.

Grand Jury proceeding [and] permit him to exercise his right to testify" (*People v Jordan*, 153 AD2d 263, 266-267, *lv denied* 75 NY2d 967). Here we find that defendant was personally served with a notice five days before the Grand Jury was to meet advising him of the date and place where the matter would be presented and that the Public Defender's office, which was representing defendant, was notified on the same day by delivery of a similar notice to its Chief Assistant. It is apparent that defendant took no action to contact the District Attorney or his own attorney and the prosecution was never notified of defendant's alleged desire to testify before the Grand Jury. Thus, we conclude that the People satisfied their statutory duty pursuant to CPL 190.50 and provided defendant and his attorney with timely notice of the Grand Jury proceedings. A dismissal of the indictment on these grounds was therefore not warranted (*see, People v Planthaber*, 131 AD2d 927, 929, *lv denied* 70 NY2d 803).

Defendant also contends that the notice pursuant to CPL 710.30 regarding his statements and the witness identifications of him, which was furnished to defendant at arraignment, was inadequate. Although the notice regarding defendant's admissions merely indicates the type of statement to be proffered, it further states that the substance of the statements is contained in police reports to be provided; it is undisputed that defendant was furnished with said reports in a timely manner pursuant to CPL 710.30. We further note that in recent cases, the Court of Appeals has held that even in the absence of adequate notice under CPL 710.30, where, as here, a defendant moves to suppress the evidence after denial of a motion to preclude, and thereafter a hearing is held and the evidence is found to be admissible, any deficiency in the notice becomes irrelevant (*see, People v Kirkland*, 89 NY2d 903; *People v Merrill*, 87 NY2d 948, 949; *People v Amparo*, 73 NY2d 728, 729). In addition, we find that defendant was given timely notice that Smith and Harris would testify as to a showup identification, and we also note that this issue was not pursued by defendant at the trial level and is therefore not preserved for appellate review (*see, People v Tatum*, 205 AD2d 397, *lv denied* 83 NY2d 1008).

Cardona, P. J., Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.