(January 22, 1998)

1 THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL J. DEGNAN, Respondent. [667 NYS2d 808] —Crew III, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered July 2, 1997, which granted defendant's motion to dismiss the indictment.

Defendant was taken into custody in the late evening of Saturday, April 19, 1997. On April 21, 1997, he was arraigned in Binghamton City Court on a felony complaint charging him with attempted murder in the second degree and robbery in the first degree. At that time, he was assigned a Public Defender and a preliminary hearing was scheduled to be held on the afternoon of April 23, 1997. Sometime during the morning of April 22, 1997, the People faxed a notice to the Public Defender and defendant, via the Sheriff's office, advising that charges would be presented to a Grand Jury on April 23, 1997. Later that morning, the Public Defender telephoned the Assistant District Attorney in charge of defendant's case and advised that he was unable to represent defendant by reason of a conflict of interest.

Thereafter, on the morning of April 23, 1997, Joseph Cawley was assigned to represent defendant. When Cawley telephoned the District Attorney's office to advise of his assignment, he was informed that the Assistant District Attorney in charge of the case was presenting evidence against defendant to the Grand Jury at that very moment. At 11:35 A.M. that same day, Cawley and Binghamton City Court were advised by fax transmission that the Grand Jury had returned an indictment against defendant. Following defendant's arraignment, he moved to dismiss the indictment on the ground that he had not been afforded reasonable notice of the Grand Jury proceeding in accordance with CPL 190.50 (5) (a). County Court granted defendant's motion and the People appeal.

Insofar as is pertinent to this appeal, CPL 190.50 (5) (a) provides that the District Attorney must notify the defendant or his or her attorney of a pending Grand Jury proceeding in such manner as to afford the defendant reasonable time to exercise his or her right to appear as a witness therein. Defendant asserts that the one-day notice provided by the People here was insufficient to allow him a reasonable opportunity to exercise his right to appear as a witness in the Grand Jury proceeding. We agree.

It is now axiomatic that the right of a defendant to appear before a Grand Jury and present testimony must be " 'scrupulously protected' " because such testimony may alter the determination that might otherwise result from the exclusive evidence presented by the People (*People v Smith*, 87 NY2d 715, 721). Accordingly, "any indictment obtained in violation of the statutory notice and waiver provisions 'is invalid' and 'must be dismissed' upon timely motion" (*id.*, at 720, quoting CPL 190.50 [5] [c]).

In our view, in the circumstances of this case, one day's notice was patently unreasonable. We recognize that " '[t]he concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case' " (*People v Jordan*, 153 AD2d 263, 267, *lv denied* 75 NY2d 967, quoting *People v Taylor*, 142 Misc 2d 349, 351). Perhaps, if a defendant were arraigned on a felony complaint 24 hours prior to the time for his mandated release pursuant to CPL 180.80 and the calendar of the local court was such that it could not afford the defendant a reasonable cause hearing within such time, one day's notice might be deemed reasonable. Here, however, the People had until April 25, 1997 before the 144-hour limitation imposed by CPL 180.80 expired and, their assertion to the contrary notwithstanding, it is clear that the People's hasty presentation to the Grand Jury was prompted not by the time restrictions of CPL 180.80 but, rather, to avoid the necessity of conducting a preliminary hearing.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed.