■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHAWN MOORE, Respondent. [670 NYS2d 623] —Cardona, P. J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered September 9, 1997, which granted defendant's motion to dismiss the indictment.

Defendant was arrested and charged with multiple crimes as a result of events occurring on May 24, 1997 and was incarcerated in the Albany County Jail. On July 8, 1997, defense counsel was notified that defendant's case would be presented to the Grand Jury on July 11, 1997. Although defense counsel placed three telephone calls to the jail on July 9, 1997 in order to notify defendant of this fact, defendant did not return the phone calls.

Subsequently, on July 11, 1997, defendant was charged in a four-count indictment with the crimes of attempted murder in the second degree, attempted assault in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree. Following defendant's arraignment he moved to dismiss the indictment pursuant to CPL 210.35 (4), claiming unreasonable notice of the Grand Jury proceeding. County Court granted the motion "[i]n the interest of justice" and the People appeal.

We reverse. Although a defendant is not always entitled to notice of Grand Jury proceedings, in cases such as this one "the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein" (CPL 190.50 [5] [a]; see, People v Smith, 87 NY2d 715, 720). While CPL 190.50 does not provide a specific time frame within which the District Attorney must provide notice, "said notice 'must be reasonably calculated to apprise the defendant of the Grand Jury proceeding [and] permit him to exercise his right to testify' " (People v Wise, 236 AD2d 739, 740-741, lv denied 89 NY2d 1103, quoting People v Jordan, 153 AD2d 263, 266-267, lv denied 75 NY2d 967).

Here, there is no dispute that defense counsel received the notice from the District Attorney three days before the scheduled Grand Jury presentment and it is also clear that defendant's location was known to his counsel. Under these particular circumstances, defendant must be presumed to have

received the notice (*see*, *People v Smith*, 191 AD2d 598, 599, *lv denied* 81 NY2d 1020) and, therefore, we find no violation of CPL 190.50. To the extent that County Court based its dismissal on its power to do so in the furtherance of justice pursuant to CPL 210.40, we are of the opinion that the requirements of that section were not met in this instance (*see*, *People v Smith*, *supra*, at 599; *see also*, *People v Pugh*, 207 AD2d 503).

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.