■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER G. YAGUNOFF, Appellant. [699 NYS2d 138] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered July 9, 1998, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

Defendant was charged with endangering the welfare of a child (Penal Law § 260.10) in Justice Court of the Town of Hillsdale, Columbia County. Upon the withdrawal of this charge by the People on March 18, 1998 at Justice Court, an Assistant District Attorney orally informed defendant and his counsel that felony sex abuse charges would be presented to the Grand Jury on March 24, 1998. On March 20, 1998, written notice of the scheduled presentment of such matter to the Grand Jury was mailed to defense counsel. On March 23, 1998, defense counsel contacted the District Attorney's office and advised that since she would no longer be representing defendant, an adjournment of the Grand Jury proceedings would be needed to enable him to retain new counsel. The Assistant District Attorney with whom counsel spoke apparently agreed to the request, prompting defense counsel to confirm such agreement in writing. Upon appearing at the District Attorney's office with such written confirmation on the following day, defense counsel was informed orally and by letter that the adjournment would not be granted and that the Grand Jury would meet that day at 1:00 P.M. Defendant did not testify; the Grand Jury indicted him for two counts of sexual abuse in the first degree and two counts of endangering the welfare of a child.

Defendant filed numerous pretrial motions, including a motion to dismiss the indictment for the denial of an opportunity to testify before the Grand Jury. County Court denied the motion, concluding that six days' notice was sufficient. It did, however, determine that if defendant intended to testify before the Grand Jury if the case was re-presented, it would hold a hearing to determine if his opportunity to testify had been infringed by the People's failure to adjourn the proceedings (*see, Matter of Borello v Balbach*, 112 AD2d 1051). At that point, defendant indicated that he did not intend to testify.

At trial, the People presented the testimony of the two sisters

who had been victimized by defendant. The younger, who was seven years old at the time of the charged incident, testified that she saw defendant touch the older child, then age eight, "in her private part". The older sister testified that defendant touched her "on her bottom" on several occasions and that she had observed him do the same to her younger sister. All these incidents, they stated, occurred when defendant took them swimming. The People also introduced, *inter alia*, statements made by defendant to the police both prior to and immediately after his arrest that he swam naked with the victims and thought it acceptable to do so. The defense produced no witnesses. Following a jury verdict convicting defendant of two counts of sexual abuse in the first degree and one count of endangering the welfare of a child, a concurrent term of imprisonment of 3½ to 7 years for each count of sexual abuse in the first degree and one year for endangering the welfare of a child was imposed.

Upon this appeal, defendant contends, *inter alia*, that the communications between his former counsel and the Assistant District Attorney constituted proper notice of his intention to testify before the Grand Jury (*see*, CPL 190.50 [5] [a]). We disagree. Because the charges against defendant were withdrawn in Justice Court, the District Attorney was neither obligated to notify defendant or his attorney of "prospective or pending [G]rand [J]ury proceeding[s]" nor accord defendant "a reasonable time to exercise his right to appear as a witness therein" (CPL 190.50 [5] [a]; *compare, People v Moore*, 249 AD2d 575, *lv denied* 92 NY2d 857; *People v Degnan*, 246 AD2d 819; *People v Wise*, 236 AD2d 739, *lv denied* 89 NY2d 1103). Although under no obligation, an Assistant District Attorney did inform defense counsel of prospective Grand Jury proceedings. Despite defendant's contentions, we cannot find that the subsequent communications between his former counsel and the Assistant District Attorney constituted sufficient notice of defendant's intention to testify so as to fall within the parameters of CPL 190.50 (5) (a). This statute provides that if a criminal charge is to be submitted to a Grand Jury, a person has a right to appear as a witness on his own behalf if "prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the [D]istrict [A]ttorney * * * a written notice making such request and stating an address to which communications may be sent" (CPL 190.50 [5] [a]). Although the statute sets forth the requisite elements of the notice, no particular wording is mandated. In our view, the communications made here did not contain the requisite elements since they failed to assert that defendant sought the op-

portunity to testify as a witness on his own behalf (*see*, *People v Ward*, 234 AD2d 723, *lv denied* 89 NY2d 1042) or provide an address to which communications could be sent now that counsel was to be substituted.

Defendant also challenges the admission of certain photographs found at his home pursuant to a search warrant. Prior to trial, the People served notice, pursuant to CPL 240.43 and *People v Ventimiglia* (52 NY2d 350), of their intent to introduce 16 prior uncharged criminal, vicious or immoral acts purportedly committed by defendant. After a hearing, County Court partially granted the People's request by permitting the introduction of certain photographs found at defendant's home which depicted the young victims and various other children in suggestive and provocative poses in varying stages of nudity. Since such photographs tended to prove a material issue—that defendant's intent in touching the victims was sexual and not accidental or legitimate—they were properly admitted (*see*, *People v Mastropietro*, 232 AD2d 725, *lv denied* 89 NY2d 1038; *People v Garraway*, 187 AD2d 761, *lv denied* 81 NY2d 886).

In addition, defendant contends that the evidence presented was not legally sufficient and that his conviction was against the weight of the evidence. Upon our review of the evidence, we find a valid line of reasoning and permissible inferences which could lead a rational person to conclude that defendant committed the crimes charged and satisfy the legal proof and burden requirements for each element thereof (*see*, *People v Bleakley*, 69 NY2d 490; *People v Miller*, 226 AD2d 833, *lv denied* 88 NY2d 939; *People v Morey*, 224 AD2d 730, *lv denied* 87 NY2d 1022). In addition, exercising our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, *People v Day*, 215 AD2d 894, *lv denied* 86 NY2d 793).

Addressing the admissibility of statements made by defendant both prior to and after his arrest, we find that they were properly admitted as relevant to the issue of intent (*see*, *People v Wilcox*, 194 AD2d 820, 821). After further reviewing and rejecting all other contentions raised and finding no abuse of discretion regarding sentencing or the existence of extraordinary circumstances which could warrant modification thereof (*see*, *People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872), we affirm the judgment of conviction.

Mikoll, J. P., Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed.