OPINION OF THE COURT
Vincent M. Del Giudice, J.
On May 2, 2003, the indictment herein was voted, charging *728 the defendant with criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree. Defendant was arraigned on the indictment on June 5, 2003.
By motion dated June 9, 2003, defendant moves, pursuant to CPL 210.20 and 190.50, for dismissal of the indictment on the ground that he was denied the opportunity to exercise his right to testify before the grand jury.
The People’s response to defendant’s motion, although received late, will be considered because it was not unduly late and the court accepts the People’s representation that the response papers inadvertently were delivered to the wrong court part.
A review of all submissions indicates that the parties are in general agreement with all essential facts, as follows:
Upon defendant’s Criminal Court arraignment on April 13, 2003, defendant’s then assigned counsel, Carol Gray, Esq., of Brooklyn Defender Services, served written grand jury notice indicating defendant’s desire to testify before any grand jury convened to hear evidence in this case and providing her office address and telephone number. Defendant was released on his own recognizance and the case was adjourned to May 12, 2003, in Part API.
The People allege that their grand jury notice served at the Criminal Court arraignment included advice that if defendant wished to testify, he “should appear at the grand jury, on April 16, 2003.” They also allege that the grand jury term in this case “began on April 21, 2003.” In any event, it is undisputed that Assistant District Attorney Gilbert Parris’ presentation of this case before the grand jury commenced on April 22, rather than on April 16, 2003. There is no allegation that any notice of the April 22, 2003 initial presentation date was provided by the People either to defendant or to defendant’s then counsel.
The People further allege that at 3:00 p.m. on Friday, April 25, 2003, Assistant District Attorney Parris left a voice message for attorney Gray, at the telephone number provided by attorney Gray, indicating that “defendant’s appearance before the grand jury would be rescheduled for the week of April 28, 2003.” Unfortunately, that same day attorney Gray was beginning a vacation that lasted to May 6, 2003. However, prior to leaving her office that day, attorney Gray placed a voice mail alert on her telephone, advising callers that she was on vaca *729 tion and that “emergencies” should be referred to Brooklyn Defender Services supervisors.
On Thursday, May 1, 2003, Assistant District Attorney Parris again telephoned attorney Gray, who was still on vacation. Assistant District Attorney Parris heard attorney Gray’s vacation voice mail alert, and some time that day Brooklyn Defender Services Supervisor Alan Rosenberg became aware that Assistant District Attorney Parris required defendant to appear before the grand jury “on May 2, 2003, since the grand jury term ended on May 2, 2003.” Thus, Mr. Rosenberg repeatedly attempted to contact defendant by telephone between the hours of 4:30 p.m. and 6:00 p.m. on May 1, 2003, but “received either a busy signal or no answer at all.”
On Friday, May 2, 2003, Mr. Rosenberg “left a message with the assigned Assistant District Attorney indicating that he was unable to reach the defendant.” On the same day, May 2, 2003, which was the last day of the grand jury term, the instant indictment was voted.
Defendant affirms that from the time of his arraignment in Criminal Court on April 13, 2003, to the date of the instant motion, he has lived with his uncle; that his residence address and telephone number, as they appear on the Criminal Justice Agency interview sheet provided at the Criminal Court arraignment to the prosecution and to the then defense counsel, remained unchanged; that the telephone number has remained in working order, although without an answering machine; and that he remained available, “upon notice,” to assert a temporary lawful possession defense before the grand jury. However, defendant received no timely written or telephonic notice from either the prosecution or his then counsel that would have permitted him to avail himself of the opportunity to testify before the grand jury prior to the voting of the indictment herein.
CPL 190.50 (5) (a) provides, in pertinent part, that when a defendant who has been arraigned in Criminal Court serves appropriate written notice, including “an address to which communications may be sent,” that he wishes to testify before a grand jury to which criminal charges will be presented, the prosecution “must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.” There is no question in this case that the defendant filed such a notice.
CPL 190.50 (5) (b) provides, in pertinent part, that upon service of such a notice requesting appearance before a grand *730 jury, “the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place.” There is no question in this case that the prosecution attempted to serve notice on defendant by telephone, at the telephone number of defendant’s then counsel, which number was supplied at defendant’s Criminal Court arraignment.
Although there is no specific provision within CPL 190.50 authorizing telephonic notice by the People to a defendant, the statute contemplates “actual” rather than “technical” notice and, “at the very least, the notice provided by the People must be reasonably calculated to apprise the defendant of the Grand Jury proceeding so as to permit him to exercise his right to testify” (People v Jordan, 153 AD2d 263, 266-267 [2d Dept 1990], lv denied 75 NY2d 967 [1990]).
There is no question that, in this case, by telephoning defendant’s then counsel, Assistant District Attorney Parris might reasonably have believed that defendant would be apprised of the grand jury proceeding so as to permit him to exercise his asserted right to testify. However, there is also no question that, in this case, Assistant District Attorney Parris’ attempts did not result in “actual” notice to defendant. There is no allegation that either defendant or his then counsel received any notice of the People’s intention to commence the presentation of this case to the grand jury on April 22, 2003. The People allege that their attempted voice mail communication with defendant’s then counsel on Friday, April 25, 2003, was to advise that “defendant’s appearance before the grand jury would be rescheduled for the week of April 28, 2003.” However, that attempted communication did not actually reach defendant’s then counsel, who that day was beginning a vacation that lasted to May 6, 2003 and, in any event, the attempted communication did not provide “a given time and place,” as required by CPL 190.50 (5) (b). In fact, it was not until some time on May 1, 2003 that the People actually communicated to a Brooklyn Defender Services supervisor that defendant was expected to appear before the grand jury the next day, May 2, 2003, which was the last day of the term.
Since the concept of “reasonableness” of notice must be applied to the particular facts of any given case, and must take into account the duty of the District Attorney and the courts to ensure that an accused be accorded fair dealing in grand jury submissions (People v Jordan, supra at 267), the question *731 before this court, then, is whether the People’s actions, in the particular circumstances herein, satisfied the notice requirements contemplated by the relevant provisions of CPL 190.50, as interpreted by relevant case law. In this respect, the People argue that such requirements were met by their attempted telephone contact with attorney Gray and, eventually, by their successful telephone contact with a supervisor at Brooklyn Defender Services in attorney Gray’s absence, at some time on the day before the indictment herein was voted, requesting defendant’s presence to testify before the grand jury the next day. They cite several cases for the general proposition that where a defendant is accorded “three or four days’ notice of the grand jury presentation,” the People have accorded a defendant reasonable time to exercise his right to testify before the grand jury (e.g., People v Moore, 249 AD2d 575 [3d Dept 1998], lv denied 92 NY2d 857 [1998]). The People further argue that defendant waived his right to appear before the grand jury by his “failure to maintain contact with his attorney” (citing People v Patterson, 270 AD2d 120 [1st Dept 2000], lv denied 95 NY2d 801 [2000]; People v Perez, 158 Misc 2d 956 [Sup Ct, Queens County 1993]).
The defendant, on the other hand, argues that the combined actions and omissions of his former counsel and the prosecution denied him effective notice of a date and time certain for his proposed testimony before the grand jury, and thus denied him a reasonable time to exercise his right to appear as a witness before the voting of the indictment herein (citing People v Jordan, supra). More specifically, defendant argues that neither he nor his then counsel received written notice of a date and time certain for defendant’s proposed testimony before the grand jury, as specified in CPL 190.50; that the People made no attempt to ascertain whether defendant’s then counsel received their initial voice mail telephone message left at some time on Friday, April 25, 2003; and that the People’s decision to present this case to the grand jury “late in its term was unreasonable and afforded no margin for error.”
Initially, this court finds misplaced the People’s reliance on People v Patterson (supra) and People v Perez (supra) for the proposition that the defendant herein effectively waived his asserted right to testify before the grand jury by failing to maintain contact with his attorney. In Patterson, the First Department found, specifically, that the People “provided defendant, who was at liberty, with adequate notice of two dates scheduled for the Grand Jury presentation” (at 120 [emphasis *732 added]). Here, of course, neither the People, nor defendant’s then counsel, actually provided the defendant with notice of the rescheduled May 2, 2003 grand jury date, and the only evidence of any failure of defendant to maintain contact with his then counsel was that defendant could not be reached by telephone for the lVa-hour period from 4:30 p.m. to 6:00 p.m. on the evening preceding the voting of the indictment. In Perez, the Supreme Court, Queens County, found specifically that the People’s notice to defendant Perez was adequate in that the People “did not go forward until they spoke to defense counsel and inquired about the whereabouts of defendant” (at 959). Here, the People do not allege any such meaningful inquiry.
This case clearly is distinguishable from case law cited by the People in support of their position that, in the particular circumstances presented herein, the People’s actions accorded defendant a reasonable time to exercise his asserted right to testify before the grand jury, but defendant’s own actions served as a waiver of that right. Specifically, in People v Moore (supra), the Appellate Division, Third Department, noted that (unlike herein) it was undisputed that “defense counsel received the notice from the District Attorney three days before the scheduled Grand Jury presentation” (249 AD2d at 575). Moreover (unlike herein), the Moore Court found that three completed telephone contacts by defense counsel to the jail facility in which defendant Moore was incarcerated, to notify him of the specifics of the grand jury presentation, gave rise to a presumption that the incarcerated defendant actually received the notice, but that defendant Moore nevertheless failed to return his counsel’s telephone calls. Likewise, this case is distinguishable from People v Rivera (232 AD2d 584 [2d Dept 1996], lv denied 89 NY2d 928 [1996]), cited by the People to counter defendant’s position that, in the particular circumstances herein, the “late” presentation of this case to the grand jury was “unreasonable and afforded no margin for error.” In Rivera (unlike herein), the presenting prosecutor actually made contact with defendant Rivera’s counsel a full four business days prior to the last day of the grand jury term, to inform counsel that defendant Rivera had until the last day of the term to testify. In those particular circumstances, on their face distinguishable from this case, the Appellate Division, Second Department, found that defendant Rivera was accorded “a reasonable time to exercise his right to appear as a witness” (at 584-585 [citations omitted]).
The Appellate Division, Second Department, instructs that the notice provisions of CPL 190.50 (5) place upon the prosecu *733 tion the obligation of “actual,” rather than “technical,” notice of a prospective or pending grand jury proceeding, to any defendant who has (as is the case herein) served timely and appropriate grand jury notice (People v Jordan, supra at 266). Here, there is no evidence that defendant received actual notice that he was expected to appear to testify before the grand jury “at a given time and place,” as contemplated by the provisions of CPL 190.50 (5) (b).
To be sure, in this case the People attempted to comply with the relevant notice provisions of CPL 190.50 (5) by their eventual actual telephone contact with defendant’s designated attorney at some time on the day prior to submitting the case for consideration by the grand jury. However, even a literal compliance with the letter of the law will not dispense with the clear objective of the notice provisions of CPL 190.50, which is that a defendant receive “meaningful and timely notice of the Grand Jury proceeding” (People v Jordan, supra at 268). Here, too, Brooklyn Defender Services made some effort to contact defendant by telephone when the presenting prosecutor telephoned that office on the day prior to submitting the case for consideration by the grand jury. Nevertheless, defendant, who remained available “upon notice” and had provided at his Criminal Court arraignment his residence address and telephone number on the Criminal Justice Agency form in the possession of both the prosecution and defense counsel (which address and telephone number have not changed to date), was never actually contacted in a meaningful and timely manner that would have permitted him to avail himself of his asserted right to testify before the grand jury prior to the voting of the indictment herein. As instructed by the Appellate Division, Second Department, even if Brooklyn Defender Services was remiss in the discharge of its professional duty to properly advise defendant in this regard, “its conduct cannot serve to diminish the entirely independent obligation of the People to furnish the defendant proper notice of the Grand Jury presentation. It is the District Attorney — not defense counsel — who is charged in the first instance with providing adequate notice to the defendant” (id.).
Based on all of the above, this court finds that, apparently due to a combination of inadvertent actions and omissions— more particularly classic “telephone tag” communication, miscommunication and failure of communication — on the part Of both the prosecution and defendant’s former counsel, defendant was denied actual notice that would have permitted *734 him the opportunity to exercise his asserted right to testify before the grand jury, as contemplated by the provisions of CPL 190.50 and relevant case law. To find otherwise would be to ignore the People’s “duty of fair dealing to the accused” (People v Pelchat, 62 NY2d 97, 105 [1984]), as well as the obligation of the courts to ensure fairness in grand jury submissions (People v Jordan, supra at 267).
As the Court of Appeals instructs, a defendant’s right to testify before the grand jury “must be scrupulously protected” (People v Smith, 87 NY2d 715, 721 [1996] [citations omitted]). It is this court’s view that, in the particular circumstances herein, the notice provided by the People to defendant’s then counsel was the functional equivalent of placing a note in a bottle, corking the bottle and tossing it into the ocean.
In these circumstances, defendant’s motion for dismissal of the indictment is granted, with leave to the People to represent (see, People v Smith, supra at 720, see, also, People v Jimenez, 180 AD2d 757, 758 [2d Dept 1992]; CPL 210.20).