*429 OPINION OF THE COURT
Richard B. Meyer, J.
Motion by the defendant pursuant to CPL 190.50 to dismiss the indictments dated September 24 and October 9, 2007 on the grounds that his right to testify before the grand jury was effectively denied as he was not afforded reasonable notice of the grand jury proceedings within the meaning of CPL 190.50 (5) (a) or (b).
The defendant was arrested on September 18, 2007 and charged by a single felony complaint with two counts of the crime of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]), a class C felony. The felony complaint alleged that “at an undisclosed date in the month of May 2007, on two different occasions, the defendant did sell a quantity of hydrocodone tablets to another person,” and stated that there was an attached supporting deposition of the complainant which provided the factual basis for the charges. He was also charged by a separate information with unlawful possession of marijuana (Penal Law § 221.05), a violation. He was arraigned without counsel in local criminal court shortly after noon of that day and a “not guilty” plea was entered.
The local criminal court forwarded to the public defender’s office, by facsimile transmission, copies of the felony complaint, the information, the securing order, and a notice pursuant to 22 NYCRR 200.26 advising that a felony hearing was scheduled for September 20, 2007 at 6:00 p.m. Significantly, the supporting deposition referenced in the felony complaint was not provided to the defendant or to the public defender’s office at any time prior to the grand jury presentation, and the divestiture from the local criminal court reveals that no such deposition was filed with that court.
The defendant was remanded to the custody of the Essex County Sheriff in lieu of $10,000 cash bail or $20,000 bond, and he remained in jail up to and including the grand jury presentation. Prior to being transported to the county jail following his arraignment, the defendant was personally served by an assistant district attorney with a written notice stating that the case would be presented to the grand jury three days later, on September 21, 2007. The notice conspicuously stated that the defendant had to serve upon the district attorney a written request to testify before the grand jury “prior to September 20, 2007” or else the case would be presented without the defendant’s testimony.
*430 The defendant’s application for representation by the public defender was approved on September 19, 2007, and a notice of appearance was filed with the district attorney’s office at 12:50 p.m. that day. The public defender’s office is staffed by two full-time attorneys, carrying a caseload in excess of 100 pending cases at any one time, and responsible for representing defendants in 21 different town and village courts throughout the county,[1] plus county court, drug court and integrated domestic violence court, as well as appeals and parole appeals.
The charges were presented to the grand jury on September 21, 2007 as two separate cases, one for each date the defendant is claimed to have sold hydrocodone tablets. Indictment No. 07-028, filed on September 24, 2007, charges the defendant with one count each of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]), a class C felony, and criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06), a class D felony, both alleged to have been committed on May 25, 2007. The defendant was arraigned on October 2, 2007 and entered a plea of not guilty. The instant motion[2] was filed on October 4, 2007, and therefore is timely (CPL 190.50 [5]).
Indictment No. 07-031, charging the defendant with having committed the same two offenses on May 29, 2007, was not filed with the court until October 9, 2007. The grand jury minutes reveal that before any evidence was presented to the grand jury on September 21st, the prosecution instructed the grand jury that it would not be voting on the case until it returned on October 5, 2007 as certain evidence would not be available until that date. No notice of the delay, or that the defendant could exercise any right to testify on the adjourned date, was given to the defendant or his counsel. The defendant was arraigned on this indictment on October 12, 2007, and entered a plea of not guilty. Counsel for the defendant orally moved to amend the present motion so as to apply to both indictments without additional papers being filed, and with the consent of the prosecution the motion was granted.
*431 The prosecution opposes the motion,[3] claiming that the defendant was afforded reasonable notice in that he was given “three days to decide [whether] or not he was going to testify at the grand jury proceeding,” and his counsel had “ample time to speak to his client and gather facts surrounding the matter” in that on September 21st defense counsel moved by order to show cause for a reduction in bail.
The rights of a defendant to be afforded notice of a grand jury proceeding and to testify before such grand jury are governed by statute (CPL 190.50 [5]; see People v Evans, 79 NY2d 407 [1992]). A defendant who has been arraigned in local criminal court on an undisposed felony complaint charging an offense “which is a subject of a prospective or pending grand jury proceeding” (CPL 190.50 [5] [a]) is entitled to be notified by the district attorney of that proceeding and be given “a reasonable time to exercise his right to appear as a witness therein” (id.). As long as a defendant “serves upon the district attorney ... a written notice making such request and stating an address to which communications may be sent” (id.) “prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter” (id.; see also People v Evans, 79 NY2d 407 [1992]), the district attorney must allow the defendant to testify before the grand jury (see People v Skrine, 125 AD2d 507 [1986]).
The right of a defendant to appear and testify before a grand jury is a “valued” right that must be “scrupulously protected” (People v Corrigan, 80 NY2d 326, 332 [1992]) to allow a defendant “to offer testimony that may affect the Grand Jury’s consideration of the otherwise exclusive, ex parte presentment of evidence by the prosecution” (People v Evans at 414). “[A]ny indictment obtained in violation of the statutory notice and waiver provisions ‘is invalid’ and ‘must be dismissed’ upon timely motion” (People v Smith, 87 NY2d 715, 720, quoting CPL 190.50 [5] [c]; see also People v Degnan, 246 AD2d 819 [1998]).
Turning first to the notice served on the defendant, there is nothing in CPL 190.50 which authorizes a district attorney to set a precise deadline by which a defendant must serve notice of *432 his intention to exercise his right to testify before the grand jury, especially a deadline[4] before the case is ever presented to the grand jury.[5] The inclusion of a prepresentment deadline in the notice is misleading, and when provided to an unrepresented defendant may cause him to delay consultation with and ineffectively use counsel as well as unwittingly forgo the exercise of his right to testify even though his testimony would be exculpatory and prevent an indictment from being voted against him. A defendant’s rights to counsel and to appear before the grand jury “are inextricably linked” (People v Sawyer, 274 AD2d 603, 606 [2000], affd 96 NY2d 815 [2001]). These rights “cannot be abridged by giving the defendant the opportunity to testify, but compromising his right to effective assistance of counsel before waiving immunity and being subject to cross-examination” (People v Trammel, 178 Misc 2d 753, 756 [1998]). Thus, where a defendant was given one day’s notice of the grand jury presentation and no counsel had been assigned to represent him, he was effectively denied his right to testify before the grand jury and the indictment was dismissed (People v Fields, 258 AD2d 593 [1999]). Similarly, in People v Degnan (supra), the indictment was dismissed where the defendant was assigned new counsel on the morning of the grand jury presentation.
In considering the reasonableness of the notice, the role of a district attorney in grand jury presentations cannot be overlooked. “[A]t a Grand Jury proceeding, the prosecutor performs the dual role of advocate and public officer, charged with the duty not only to secure indictments but also to see that justice is done; ‘as a public officer he owes a duty of fair dealing to the accused and candor to the courts’ (People v Pelchat, 62 NY2d 97, 105 [1984], supra)” (People v Lancaster, 69 NY2d 20 [1986], cert denied 480 US 922 [1987]).
Whether a notice affords “the defendant a reasonable time to exercise his right to appear as a witness” (CPL 190.50 [5] [a]) depends upon the facts of each case (People v Jordan, 153 AD2d 263 [1990], lv denied 75 NY2d 967 [1990]). In Jordan, the indictment was dismissed despite the prosecution’s service upon defense counsel of a CPL 190.50 notice 19 days before the *433 scheduled grand jury presentation because seven days before the presentation new defense counsel served a notice of appearance and the prosecution failed to serve the section 190.50 notice on defendant’s new counsel.
The prosecution relies on People v Wise (236 AD2d 739 [1997], lv denied 89 NY2d 1103 [1997]), People v Moore (249 AD2d 575 [1998], lv denied 92 NY2d 857 [1998]) and People v Sawyer (supra) in opposing dismissal. In Wise, the notice of grand jury presentment was served five days prior to the scheduled presentation, and seven days after the arraignment at which the defendant was presumably properly advised of the charges (CPL 180.10 [1]). Moore involved the arraignment of a defendant, followed by service of the grand jury notice 44 days later and three days prior to the grand jury presentation. The unique facts in Sawyer are not present here. There, the defendant was arrested and arraigned on Saturday, May 3, 1997, at which time he was furnished with a copy of the felony complaint and a three-page statement of an eyewitness. The arraignment was adjourned for the defendant to obtain counsel, and the next day counsel interviewed the defendant in jail. On Monday, May 5, 2007, the prosecuting attorney advised defense counsel of the grand jury presentation scheduled for the next day (May 6th) at 1:30 p.m. Over the course of the next 24 hours, letters were exchanged regarding defense counsel’s request for discovery, which was rejected by the prosecution, and defense counsel visited and photographed the crime scene and again consulted with defendant. Just prior to the grand jury presentation, defense counsel requested an adjournment because the defendant was tired and had not been furnished discovery materials. In rejecting defendant’s motion to dismiss under CPL 190.50 (5), the court noted that the defendant had been apprised of the charges, conferred with his attorney at least three times before the presentment date, and did not claim or prove that he was denied “a meaningful opportunity to consult with counsel and . . . prepare for his possible testimony before the Grand Jury” (People v Sawyer, 96 NY2d at 817).
Here, notice was given to the defendant less than three days before the matter was to be initially presented to the grand jury at a time when he was unrepresented by counsel. By the time the public defender’s office appeared in the case at 12:50 p.m. on September 19, 2007, less than two days remained until the grand jury proceeding. This abbreviated time period for the defendant to discuss the intricacies and ramifications of testifying *434 before the grand jury is unreasonable in light of the fact that the supporting deposition containing the critical factual averments underlying the bare, conclusory allegations in the felony complaint was never furnished to the defendant or his counsel before the case was presented to the grand jury. Because the defendant and his counsel were not fully apprised of the charges being presented to the grand jury, it would have been virtually impossible for the defendant and his counsel to meaningfully confer and prepare for testifying before the grand jury. He would have to be able to account for his whereabouts, and recall his interactions with others, on each and every day of the month of May 2007 in order to prepare to testify before the grand jury about any alibi or agency defense. Also, with respect to the indictment filed on October 9, 2007, neither the defendant nor his counsel was advised that the grand jury presentation had been adjourned from September 21st to October 5th so as to afford the defendant the opportunity to testify.
The prosecution concedes that no exigent circumstances existed requiring presentation to the grand jury on September 21, 2007, as evidenced by the adjournment of one of the cases until October 5, 2007 for completion of the presentation. Any “practical difficulties the prosecution may encounter in satisfying its obligations under CPL § 180.80” (People v Evans, at 414) would be of no significance (id.). In so scheduling grand jury presentations, the prosecution acknowledges that it can avoid conducting felony hearings (CPL 180.10 [2]; 180.60; but see People v Degnan, supra) which in drug cases, like this one, eliminates the risk of disclosing the identity of a confidential informant at such an early stage or possibly at all. The defendant argues, however, that such expedited presentations prevent defendants from not only seeking and obtaining dismissal of the charges in local criminal courts where the felony complaint is defective, but also from exercising their rights to testify before the grand jury. The remedy for the concerns of both parties lies in the hands of the prosecution; it can proceed directly to grand jury presentation and indictment to commence the criminal action (CPL 100.05, 210.10 [3]), in which case a defendant has no rights to notice of the grand jury proceeding or to testify before the grand jury (CPL 190.50 [5] [a]; see People v Mathis, 278 AD2d 803 [2000], lv denied 96 NY2d 785 [2001]).
Under the circumstances of this case, the defendant was denied a meaningful opportunity to confer with counsel and prepare for possibly testifying before the grand jury, and “in *435 light of the remedial function served by CPL 190.50” (People v Jordan, 153 AD2d at 267) the indictments must be dismissed as being obtained in violation of the defendant’s right to testify before the grand jury (People v Bachman, 274 AD2d 432 [2000]; People v Massard, 139 AD2d 927 [1988]; Matter of Borrello v Balbach, 112 AD2d 1051 [1985]; People v Gini, 72 AD2d 752 [1979]).

. Essex County is the second largest county geographically in New York State.

. The defendant’s motion is supported by an affirmation from his counsel and exhibits consisting of copies of the local criminal court securing order, the felony complaint, and the information charging unlawful possession of marijuana (UPM), and a notice of appearance. The caption of the notice of motion and affirmation include reference to indictment No. 07-028 and to a second undesignated indictment.

. The prosecution submitted affirmations from the assistant district attorney who served defendant with the notice of grand jury presentation on September 18, 2007, and from the assistant district attorney who presented the cases to the grand jury, as well as copies of the felony complaint (without any supporting depositions), the UPM information, the grand jury notice served upon the defendant, and the local criminal court securing order.

. The notice served on defendant required him to notify the district attorney of his intent to testify “prior to September 20, 2007” (emphasis added) even though the scheduled presentation to the grand jury was September 21, 2007.

. The prosecution’s stated reason for the prepresentment deadline is to allow for preparation of a waiver form for the defendant to sign upon appearing before the grand jury.