OPINION OF THE COURT
Larry M. Himelein, J.
*519 Is a defendant denied his statutory right to notice of a grand jury proceeding when the local court forwards the papers to County Court without a preliminary hearing being held or waived, and the defendant is thereafter indicted without receiving a grand jury notice?
On May 14, 2008, defendant was arraigned in the Town of Ashford on charges of burglary and petit larceny. He was released on his own recognizance and the case was adjourned to June 19, 2008, for an appearance with the public defender. On May 30, 2008, the assistant district attorney wrote defendant directly, offered a plea but also said that defendant should contact an attorney and instructed defendant whom to call if he could not afford counsel. On June 9, 2008, Gerald Vella, who had been retained by defendant, wrote the assistant district attorney, indicated he had her letter, and asked her to “diary” the case for two weeks hence. On June 19, 2008, apparently without an appearance by defendant or counsel, Town Court forwarded the case to County Court without a preliminary hearing being held or waived.
On November 13, 2008, the district attorney filed an indictment, a statement of readiness, an alibi demand and a demand to produce, with copies to Mr. Vella, and asked the court clerk to schedule an arraignment. The clerk scheduled the arraignment for November 24, 2008, and notified both counsel. On November 28, 2008, defendant moved to dismiss the indictment for the failure to notify him of the grand jury proceeding.
CPL 190.50 (5) (a) provides that a defendant “who has been arraigned in a local criminal court upon a currently undisposed of felony complaint” is entitled to notice that the case is being presented to the grand jury (see People v Smith, 87 NY2d 715 [1996] [People must notify defendant]). An indictment obtained without such notice being given is “invalid” and “must be dismissed” if a timely motion is made (id. at 720). However, notice is not required when a preliminary hearing has been held (People v Walker, 15 AD3d 902 [4th Dept 2005], lv denied 4 NY3d 836 [2005]) or waived (People v Simmons, 178 AD2d 972 [4th Dept 1991], lv denied 79 NY2d 1007 [1992]). Nor is notice required when the charges in the local court have been withdrawn or dismissed (People v Yagunoff, 266 AD2d 723 [3d Dept 1999]) or the defendant has not yet been arraigned in the local court (People v Roberson, 149 AD2d 926 [4th Dept 1989], lv denied 74 NY2d 746 [1989]; People v LaBounty, 127 AD2d 989 [4th Dept 1987], lv denied 69 NY2d 1005 [1987]).
*520 Here, defendant had been arraigned in the local court and was presumptively entitled to the notice. It is unclear from the papers if defendant appeared again in Town Court. The district attorney’s answering papers shed no light on what occurred in the local court, stating only that the case was “divested” to County Court on June 19, 2008.
The Court of Appeals had steadfastly protected the “valued statutory option” for a defendant to testify at the grand jury (People v Evans, 79 NY2d 407, 414 [1992]; People v Smith, 87 NY2d 715 [1996]). Here, the forwarding of the papers to County Court without a preliminary hearing being held or waived was an improper divestiture.
Anticipating the district attorney’s argument that his office cannot know whether a preliminary hearing was validly waived or not, several points must be made. First, the divestiture papers forwarded from Town Court to the district attorney’s office show that a hearing was neither held nor waived. Further, the district attorney’s office knew that Mr. Vella represented the defendant and it would have been a simple matter to send him a grand jury notice. Finally, given what the Court of Appeals has said about the importance of a defendant’s right to appear before a grand jury, the onus would appear to be on the People to insure that a defendant is not denied that right.
Under the circumstances, defendant was denied his right to notice of the grand jury under CPL 190.50 and the indictment is dismissed with the People granted the right to re-present. The court wonders about the efficacy of this decision since it is doubtful that defendant will actually testify at a future grand jury.